# Hogg *versus* Longstreth.

1. Although no assumpsit will be raised by the mere voluntary payment of the debt of another person, yet if one person, in order to protect his own interest, pay a debt for which another is legally and personally liable, the law will imply an assumpsit on the part of the latter to the former.

| 97 | 255 |
| 140 | 627 |

| 97 | 255 |
| 27 SC | ²364 |

| 97 | 255 |
| 31 SC | ¹279 |

| 97 | 255 |
| 33 SC | ¹ 96 |
| 33 SC | 97 |

| 97 | 255 |
| d224 | ¹451 |

| 97 | 255 |
| 41SC | 308 |

[Hogg *v.* Longstreth.]

2. A. being seised of a lot of ground, mortgaged it to B., and afterwards aliened it. After divers mesne conveyances it came into the hands of C. C. paid the interest on the mortgage for some time, but failed to pay the taxes accruing while he was seised of the lot. B. issued a sci. fa. sur mortgage, sold the premises, bought them in for an amount insufficient to pay the taxes in arrear, and was subsequently obliged, in order to prevent a sale of the premises and distraint of his goods thereon, to pay the whole amount of the taxes accrued during C.'s ownership. In an action by B. against C. to recover the amount of the taxes so paid, *Held*, that the plaintiff was entitled to judgment.

February 23d 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1881, No. 169.

This was an action of assumpsit by William Hogg, Jr., against John Longstreth, to recover the amount of certain taxes paid by the plaintiff on premises of which the plaintiff was mortgagee and the defendant was terre-tenant.

Upon the trial the following facts appeared: On May 31st 1872, Henry Meyers, being the owner of three separate houses and lots, in the city of Philadelphia, executed to the plaintiff a mortgage upon each of the said lots to secure the payment of $1775 in six years. By mesne conveyances from Myers the defendant Longstreth became seised in fee of the said premises on February 6th 1874, subject to the said mortgages. Longstreth remained in possession from 1874 to 1879, paying the interest on the mortgages, but not paying the taxes on the premises. In April 1879, the plaintiff issued writs of scire facias on said mortgages against Henry Myers, defendant, and John Longstreth, terre-tenant. Under judgments obtained in these suits the said three lots were sold at sheriff sale and purchased by the plaintiff, one for $150, the other two for $50 each. The plaintiff then discovered that taxes had been assessed against all three properties in the name of John Longstreth, registered owner, for the years 1874, 1875, 1876, 1877 and 1878, and remained unpaid. Claims had been filed by the city and judgment recovered against Longstreth for the taxes of 1874, 1875 and 1876, and on June 20th 1879, writs of alias levari facias were issued on the judgments and placed in the sheriff's hands, whereupon the defendant, in order to prevent a sale of the properties, paid the amount of said judgments, $746, to the sheriff. In June 1879, the plaintiff received notice from the collector of delinquent taxes that the taxes for 1877 and 1878 on the three properties, were due and unpaid, and that unless the same were paid within thirty days the collector would distrain on plaintiff's personal property therefor. In consequence of this notice the plaintiff paid to the collector of delinquent taxes the taxes of 1877 and 1878, amounting to $345.47. The plaintiff thereupon brought this suit to recover from the defendant the

[Hogg v. Longstreth.]

amount so paid by the plaintiff for the taxes from 1874 to 1878.

The plaintiff submitted the following points :—

1. The unpaid taxes of 1874, 1875, 1876, 1877 and 1878, on the three houses and lots, Nos. 213, 223 and 225 York street, were a personal liability of the defendant, and the payment by plaintiff of the judgment for the taxes of 1874, 1875, 1876, to the sheriff after an execution was in his hands, and the payment of the taxes for 1877 and 1878 to the collector of delinquent taxes, after the service of the notice of distraint, made defendant liable to plaintiff for the amount so paid.   Refused.

2. It was the duty of the defendant, as owner of the premises Nos. 213, 223 and 225 York street, subject to the mortgage, to pay the taxes on said premises due during his ownership, so that the same should not become a lien on said premises prior to the mortgages, and thus depreciate the value of said mortgaged premises.   For a neglect of his duty, defendant is liable to plaintiff for the amount of the taxes paid by the latter.   Refused.

3. Defendant is liable to plaintiff for the amount paid by him to the sheriff for the judgment for taxes of 1874, 1875, 1876, and the amounts paid by him to collector of delinquent taxes, for taxes of 1877 and 1878.   Refused.

The court charged the jury as follows: " Under the evidence in the case, I instruct you to find for the defendant."

Verdict and judgment accordingly for the defendant. The plaintiff took this writ of error, assigning for error the refusal of his points, as above, and the instruction to find for the defendant.

*John Samuel*, for the plaintiff in error.—The defendant is liable to the plaintiff in this action of assumpsit for the taxes paid by the plaintiff under compulsion, 1, because of the duty arising out of the relation of the defendant, as assignee of the mortgagor, to the plaintiff as mortgagee, and 2, because the defendant was personally liable for the taxes assessed or due during his ownership and possession.   His personal liability is fixed by the following Acts of Assembly : Act of February 2d 1854, sect. 11, Purd. Dig. 1373, Pamph. L. 29 ; Act of March 24th 1870, sect. 2, Id. 1379; Act of April 16th 1879, Pamph. L. 24 ; Registry Act of March 14th 1865, Purd. Dig. 1377, Pamph. L. 320.   The plaintiff, having paid involuntarily the defendant's debt, is entitled to recover back the amount from him in assumpsit: Caldwell v. Moore, 1 Jones 58 ; approved in Shaffer v. Greer, 6 Norris 375; Henry v. Horstick, 9 Watts 414–416 ; Shaw v. Quinn, 12 S. & R. 299. In the last cited case the defendant was held not liable because he was not the owner when the taxes were assessed, but it is taken for granted throughout the case, that had he been owner, he would have been liable.

1 OUTERBRIDGE—17

[Hogg *v.* Longstreth.]

The defendant held the premises subject to the plaintiff's mortgages; his duties towards the mortgagee were precisely those of the mortgagor, and it is an essential element of the contract of pledge or mortgage that the value of the property pledged shall not be diminished or depreciated by the mortgagor. It is, therefore, the duty of the mortgagor and of his assignee to pay the taxes levied on the mortgaged premises: Gormley's Appeal, 3 Casey 51; 1 Jones on Mortgages, sect. 680; Gardiner *v.* Gerrish, 23 Maine 46; Fair *v.* Brown, 40 Iowa 209; 1 Coote on Mortgages 342; Morris's Appeal, 7 Norris 368. This is so whether the mortgage be regarded as passing the legal estate or as giving merely a lien for the debt: Salmon *v.* Clagett, 3 Bland Ch. 180; Brady *v.* Waldron, 2 Johns. Ch. 148. The mortgagor has no right to depreciate the security, even though in its damaged condition, it is sufficient to pay the mortgage debt. It is the right of the mortgagee to hold the whole mortgaged estate for the payment of his demand: Byrom *v.* Chapin, 113 Mass. 308. It is because of this duty that the mortgagee may pay taxes and add the amount thereof to his mortgage: Brevoort *v.* Randolph, 7 How. Prac. 398; Brown *v.* Simons, 44 N. H. 475; Stanclift *v.* Norton, 11 Kan. 218. This duty creates an implied assumpsit, and clearly makes the defendant liable.

No counsel appeared *contra.*

Mr. Justice TRUNKEY delivered the opinion of the court, May 2d 1881.

Henry Myers gave to the plaintiff three mortgages, dated May 31st 1872, each being on a separate lot in Philadelphia. Subsequently Myers conveyed the lots to Kaign, Kaign conveyed to Taylor, and Taylor, by deed dated February 6th 1874, conveyed to Longstreth, the defendant; each conveyance being subject to said mortgages. In 1879, a scire facias was issued on each mortgage, against Myers with notice to Longstreth, as terre-tenant, and the judgments thereon aggregated nearly $6000. Hogg, the mortgagee, purchased the lots at sheriff's sale on his judgments. During the five years that Longstreth owned the lots, he neglected to pay the taxes. Judgment had been obtained for the taxes of the first three years. After his purchase at sheriff's sale, the mortgagee paid that judgment, and also the taxes for the remaining two years, the proceeds of sale having been insufficient to cover them, and he claims to recover the amount of said judgment and taxes in this suit.

There is no evidence that the defendant agreed to pay the mortgage-debt. Hence he was not personally liable therefor, and was under no obligation to the plaintiff arising out of a contract. As against all the world, except the mortgagee, he held the lots by

[Hogg v. Longstreth.]

absolute title, and he could divest the mortgagee's estate by paying the debt. The mortgagee was liable to be taxed for money at interest secured by the mortgages; the defendant, holding title under the mortgagor, was liable for the taxes on the land.

Being in possession, he was not only legally liable, but had no equity for the attempt to impose payment of the taxes on another person. By force of law the taxes were a personal charge against the defendant, as well as a lien on the real estate. This lien was not only entitled to preference over other liens, but would not be discharged by a judicial sale on any other lien, unless the proceeds were sufficient to pay it. Therefore, the plaintiff had no alternative but to pay the taxes owing by the defendant, or lose the land. Had the taxes been prosecuted to collection before the foreclosure of the mortgage, the plaintiff must have paid them, or have lost his security. A mortgagee in possession, holding a living pledge, may pay the taxes on the land, and treat the sum so paid as part of his debt, which he is entitled to receive out of the profits. When the mortgagor is in possession, and neglects to pay taxes which are a lien on the land, the mortgagee may pay them not only in reliance on the personal liability of the owner, but in reliance that the land is liable, and the lien will be deemed as transferred by the State to him in favor of the mortgage-debt: Kortright v. Cady, 23 Barb. 490. Where a mortgagee is under the necessity of satisfying an execution on a prior judgment, to preserve his security, he is held by right of substitution to stand in the place of the judgment creditor, and on sale of the land is entitled to receive the amount of the judgment out of the fund as well as the mortgage debt. The payment of the judgment is an act which the mortgagee was compelled to do for his own safety: Silver Lake Bank v. North, 4 Johns. Ch. 370. The principle of subrogation in such case, for purposes of lien and distribution, is familiar, and it often applies when there can be no recovery in a personal action.

It is a clearly established principle, that no assumpsit will be raised by the mere voluntary payment of the debt of another person; from such act a request and promise are not implied. Another principle is, that when the plaintiff is compelled to pay the defendant's debt, in consequence of his omission so to do, the law infers that he requested the plaintiff to make the payment for him. As when the plaintiff at the request of the defendant left a carriage on the defendant's premises, and the carriage was distrained for rent, it was held that the plaintiff, having paid the rent, could recover it. In such case and the like, it is not permitted to the defendant to defend on the ground that the payment was voluntary. In some cases when a plaintiff has voluntarily performed a duty which the defendant was under a strict legal liability to perform, he may recover the money expended, although there had been no

[Hogg *v.* Longstreth.]

express consent or request by the defendant to the plaintiff's act. As when a man, in the absence of the husband, incurs expense in burying the deceased wife in a manner suitable to the husband's condition.

There was a strict legal liability on the defendant to pay the taxes. And it was his duty. Prompt payment of taxes is to the public advantage. Attempts by him who owes and ought to pay them to evade payment, or shift the burden upon another, ought not to be encouraged. The defendant has shown nothing which in good conscience should relieve him. He wittingly became owner and held possession of the lots subject to the mortgages, and had as little right to create or suffer an encumbrance which would take preference of the mortgage as the mortgagor would have had, had he remained owner and in possession. The mortgagee was compelled to pay the taxes in relief of the land purchased for his debt, the land not raising a fund sufficient to pay both liens. We are of opinion this is a clear case for application of the principle, that he who is compelled to pay another's debt, because of his omission to do so, may recover on the ground that the law infers that the debtor requested such payment. The plaintiff's first point should have been affirmed.

Judgment reversed, and a *venire facias de novo* awarded