# The Republic Building and Loan Association, Appellant, *v.* Christiana G. Webb.

*Assumpsit—Liability of owner to mortgagee for taxes paid out of proceeds of sheriff's sale.*

A mortgagee may maintain assumpsit against the grantee of the mortgagor for the amount of taxes assessed upon the land during the grantee's ownership and paid out of the proceeds of a sheriff's sale under a judgment on the bond accompanying the mortgage, when the effect of such distribution of the fund is to reduce the sum which otherwise would be distributable to the mortgagee.

Argued Oct. 9, 1899.    Appeal, No. 187, Oct. T., 1898, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1898, No. 354, discharging rule for judgment for·want of a sufficient affidavit of defense.    Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter, W. D. Porter and Beeber, JJ. Reversed.    Opinion by Rice, P. J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that plaintiff brought suit as sheriff's vendee, having been previously the mortgagee, of two certain lots of ground, to recover from the defendant, the assessed owner of said premises, the taxes thereon for the years 1897 and 1898, which taxes the plaintiff as mortgagee and sheriff's vendee, was compelled to pay, before being able to obtain a sheriff's deed therefor.

The affidavit of defense set up, inter alia, as follows:

That the taxes for the current year, 1898, fell upon the property and were payable as accruing on the ownership of it, and that the taxes for the year 1897 were registered taxes and were fully reached by the proceeds of the sheriff's sale, and were satisfied and discharged by it.   That the right to collect these taxes, is inalienable, and an individual cannot be delegated or authorized to collect the same for his own use.

That deponent is informed and believes and so avers, that plaintiff entered into possession of the said premises immediately after the purchase at the sheriff's sale, and from that time

has been collecting the rents from the said premises, amounting to about $32.00 per month, and has collected more than sufficient to pay the taxes claimed from deponent, and deponent denies that there is justly due and payable to the plaintiff by deponent the sum of $128.49 or any other sum or amount, or that there is any personal liability for the payment of said taxes upon her.

The court discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was in refusing to enter judgment against defendant for want of a sufficient affidavit of defense.

*John H. Sloan*, for appellant.—The question involved in this suit has been decided by the Supreme Court of Pennsylvania, in Hogg v. Longstreth, 97 Pa. 255.

The plaintiff having been compelled to pay the taxes for 1897 and 1898, and the defendant, the assessed owner, being liable therefor, brings the case directly within the decision in that case.

*James R. Grier*, for appellee.—The authority cited by plaintiff for bringing suit against defendant and in support of its proposition that defendant, " appellee, was personally liable for the taxes levied and assessed during her ownership and possession," and "having been paid by the plaintiff under compulsion can be recovered back from the real debtor, the assessed owner," was based upon the Act of March 24, 1870, P. L. 544, and the Act of April 16, 1879, P. L. 24.

The act of March 24, 1870 was repealed by the act of April 16, 1879, and the act of April 16, 1879, virtually repealed by the Act of April 19, 1883, P. L. 9, and if not repealed in toto was declared by MITCHELL, J., unconstitutional, in City v. Kates, 150 Pa. 30.

The act of April 19, 1883, was subsequently repealed by the Act of May 4, 1889, P. L. 79, so that the whole of the foundation upon which this authority was based, has been swept away by legislative enactment, and has not been cited as an authority until it appeared in appellant's paper-book.

In Eaton's Appeal, 83 Pa. 152, reported several years prior to Hogg v. Longstreth, SHARSWOOD, J., said: " It is very important that bidders at judicial sales should have a plain, simple rule to go by. They are bound to ascertain the amount of probable charges, and they can then understand that the taxes will be paid from the purchase money certainly, and they will hold clear and discharged from the lien unless in the rare case where the amount of the fund raised by the sale is not sufficient to discharge them in full."

Notwithstanding this plain, simple rule, "great hardships and litigation have resulted to many persons within this commonwealth who have purchased lands at judicial sales, and the uncertainty that has existed among sheriffs and other officers making such sales, whether they should pay taxes out of the proceeds in their hands." This "plain, simple rule" was embodied into an act of assembly, approved May 22, 1895, P. L. 111.

The only remaining proposition, therefore, to be answered is, were the requirements of the provisions of the Act of May 22, 1895, supra, complied with in fact and law ?

OPINION BY RICE, P. J., February 16, 1900 :

At the sheriff's sale of the defendant's real estate under an execution issued upon a judgment on a bond accompanying a mortgage given by her predecessor in title, the mortgagee became the purchaser at the price of $600, the mortgage debt being $2,000. During the defendant's ownership taxes had been assessed against her amounting to $128.49, which were unpaid at the time of the sheriff's sale, and under the statutes were first payable out of the proceeds of sale after payment of the costs of sale. After delivery of the sheriff's deed the mortgagee brought suit against the defendant to recover the amount of these taxes, alleging in its statement of claim that it was compelled to pay them to the sheriff in order to obtain the deed.

1. That the assessed owner of seated land is personally liable for the taxes, notwithstanding the fact that under the statutes they are a lien or charge upon the land cannot be questioned. Nor is that liability extinguished, or reduced pro tanto, by a transfer of the title to another during the tax year. In the absence of agreement taxes on real estate are not apportionable

among the different persons who may become owners of it during the year; the person charged at the beginning of the year is liable for the taxes for the whole year, though he alien before the day of appeal: Shaw v. Quinn, 12 S. & R. 299; Densmore v. Haggerty, 59 Pa. 189; King v. Mount Vernon Building Association, 106 Pa. 165. It follows that the question of the defendant's personal liability for the taxes of 1898 is not affected by the fact, set up in the affidavit of defense, that the plaintiff went into possession under the sheriff's deed in that year and received the rents thereafter.

2. The defendant alleges that the taxes for the year 1897 were registered taxes and were "fully reached by the proceeds of the sheriff's sale and were satisfied and discharged by it." The quoted part of the averment is true of the taxes of both years. We do not understand the plaintiff's allegation to be, that it paid the taxes in addition to its bid, but only that in complying with the bid as a lien creditor purchaser it was compelled to pay that part of its bid in cash, which it would not have been compelled to do if the defendant had discharged her personal obligation. Thus construed, the plaintiff's statement is in harmony with the defendant's version of the transaction, and the question for decision may be stated as follows: Can a mortgagee maintain assumpsit against the grantee of the mortgagor for the amount of taxes assessed upon the land during the grantee's ownership and paid out of the proceeds of a sheriff's sale under a judgment on the bond accompanying the mortgage, when the effect of such distribution of the fund is to reduce the sum which otherwise would be distributable to the mortgagor?

In Hogg v. Longstreth, 97 Pa. 255, it appeared that the owner of premises subject to a mortgage given by his predecessor in title neglected to pay the taxes for five years. The mortgagee obtained judgment on his mortgage and sold the land at sheriff's sale, he becoming the purchaser at a price insufficient to pay the taxes in arrear; consequently their lien was not divested. Subsequently, in order to prevent a sale of his land under a judgment that the city had obtained for the taxes of the first three years, and a distraint of his goods for the taxes of the other two years, he paid them and then brought suit to recover the amount from the person who was owner at the time they

were assessed. It was held that he was entitled to recover.
Mr. Justice TRUNKEY who delivered the opinion of the Supreme
Court said : " There was a strict legal liability on the defend-
ant to pay the taxes, and it was his duty. Prompt payment
of taxes is to the public advantage. Attempts by him who
owes and ought to pay them to evade payment, or shift the
burden upon another ought not to be encouraged. The defend-
ant has shown nothing which in good conscience should relieve
him. He wittingly became owner and held possession of the
lots subject to the mortgages, and had as little right to create
or suffer an incumbrance which would take preference to the
mortgage as the mortgagor would have had, had he remained
owner and in possession. The mortgagee was compelled to
pay the taxes in relief of the land purchased for his debt, the
land not raising a fund sufficient to pay both liens. We are
of opinion this is a clear case for application of the principle,
that he who is compelled to pay another's debt because of his
omission to do so may recover on the ground that the law
infers that the debtor requested such payment." The correct-
ness of this ruling was distinctly recognized in King v. Mount
Vernon Building Association, 106 Pa. 165. There, as in this
case, the mortgagee bought the land at sheriff's sale under pro-
ceedings on its mortgage for an amount less than the mortgage
debt, and was subsequently compelled to pay taxes which it
seems were not divested by the sale. The mortgagee then
brought suit against King, alleging that although these taxes
were assessed in the name of Hancock, yet as King was the
owner of the mortgaged premises at the time they were assessed
he was personally liable for them. A recovery was had in the
court below which was reversed by the Supreme Court upon
grounds not necessary to be noticed here. But Mr. Justice
PAXSON, who delivered the opinion of the court, said : " If
King was the owner during these years we have no hesitation
in saying, under the authority of Hogg v. Longstreth, supra,
that he would be liable to the plaintiff below." The above
case was decided in 1884. In the preceding year the principle
upon which Hogg v. Longstreth was decided was extended to
a case more nearly like the present. Premises subject to a
mortgage in favor of Shoemaker were conveyed to the Common-
wealth National Bank by deed absolute on its face, but in real-

ity as security for a debt, and while it was registered owner taxes were assessed against the land.   Subsequently Shoemaker obtained judgment on his mortgage, and sold the premises at sheriff's sale, a sum being realized less than the amount of the mortgage.  From this sum the sheriff deducted the amount of the taxes aforesaid and paid the residue of the fund to Shoemaker.   The latter then brought assumpsit against the bank, and obtained judgment which was affirmed by the Supreme Court.  "The bank held title to the land by deed absolute on its face, and also caused it to be registered as an absolute title. . . . . By this record of title it became liable for the taxes assessed thereon, and liable for damages sustained by the mortgagee by reason of their non-payment:" Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255.

The question as to the right to maintain a common-law action for taxes, eo nomine, does not arise in this case.   The taxes have been paid, but the circumstances under which they were paid give the plaintiff a right to reimbursement from the defendant as clearly as if the defendant had expressly promised to indemnify the plaintiff.   Under the authorities above cited this right may be enforced in an action of assumpsit.   We are of opinion, therefore, that the plaintiff's statement sets forth a good cause of action and that the affidavit of defense was insufficient to prevent judgment.

The assignment of error is sustained and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be entered.