## Theobald v. Sylvester, Appellant.

*Taxation—Liability for taxes—Apportionment—Real estate—Water rents.*

An owner of real estate is personally liable for taxes as soon as assessed for the ensuing year. If during the year the property is sold in foreclosure proceedings, the purchaser is not personally liable for prior taxes.

In Philadelphia there is no personal liability on owners of real estate for water rent.

Argued Oct. 20, 1904. Appeal, No. 77, Oct. T., 1904, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 3948, for plaintiff on demurrer to statement in case of Morris D. Theobald v. Frederick Sylvester. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover taxes and water rent paid by plaintiff. The court entered judgment for plaintiff on demurrer.

362, (1905).]    Assignment of Error—Opinion of the Court.

*Error assigned* was the judgment of the court.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for appellant.

*Charles H. Pile*, for appellee.

OPINION BY PORTER, J., March 14, 1905 :

The plaintiff, on February 9, 1904, brought an action of assumpsit and filed a statement alleging that he had held a mortgage upon the premises No. 1827 Diamond street, in the city of Philadelphia ; that the defendant had, on August 1, 1900, become the owner of said property, subject to said mortgage, and so continued until the time of' the sheriff's sale hereinafter mentioned ; that default having been made in the payment of the mortgage, a scire facias was issued, and the property was sold by the sheriff under said proceeding on February 1, 1904, the plaintiff becoming the purchaser for the sum of $11,000 ; that the defendant had failed to pay the taxes for the year 1903, amounting to $219.04 ; the taxes for the year 1904, amounting to $195, and the water rent for the year 1904, amounting to $26.00, which amounts were, by the sheriff, in his settlement, appropriated to the payment of said claims ; that the amount due upon the mortgage, for which judgment was entered on January 6, 1904, was $11,587.40 ; that the amount appropriated to said judgment by the sheriff was $10,385.89 ; that the plaintiff was thus compelled to pay the taxes and water rent which the defendant had failed to pay ; and that this suit was brought for the recovery of said amount, and for the loss of interest on said mortgage from July 31, 1903, to January 31, 1904, $297.    The defendant, demurred to this statement, assigning for grounds that, upon the facts stated, he was not personally liable for the interest on the mortgage ; that he was not legally liable for the water rent for the year 1904 ; and that, if liable at all, it is only for the taxes for the year 1903, and " for the proportion of the taxes for the year 1904, proportioned to the period during which he owned said property."    The plaintiff thereupon, in the court below, withdrew the claim for interest on the mortgage, and the court entered judgment upon the demurrer in favor of the plaintiff for $438.04, with interest from February 8, 1904, being the amount

of the taxes for the years 1903 and 1904, and the water rent for the year 1904.

The appellant concedes his liability for the taxes for the year 1903 and a pro rata part of the taxes for the year 1904. He contends that he is not liable for the whole amount of the taxes for the year in which the property was sold by the sheriff, nor for any part of the water rent. The ground upon which he contends that the general taxes for the year 1904 should be apportioned is that while at the time of suit brought, February 9, 1904, it could not be known whether the plaintiff would actually receive the rents of the property during the year 1904, presumptively he would receive a part thereof; that it was certain the defendant would not receive the rents for the entire year, hence he should not be held liable for the whole amount of the taxes. While it might be a sufficient answer to this argument to say that it does not appear from the statement to which the defendant demurred that the plaintiff had obtained possession of the premises, we are not inclined to dispose of the case upon that narrow ground.

The defendant was the owner of the real estate in question at the time taxes were assessed, and was personally liable for the same: Landreth v. McCaffrey (No. 1), 17 Pa. Superior Ct. 272. This personal liability is imposed by various statutes upon the owner, at the time the taxes are assessed, and while the land may remain subject to the charge after it has passed into the hands of the new owner, such after-acquired ownership involves no personal liability for the tax. When a new owner has been compelled to pay taxes for which his predecessor in title was legally and personally liable, he may recover of the latter the amount so paid, in an action of assumpsit: Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255; Caldwell v. Moore, 11 Pa. 58; Hogg v. Longstreth, 97 Pa. 255; King v. Mt. Vernon Building Association, 106 Pa. 165; Republic Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616; Fidelity Insurance, Trust & Safe Deposit Company v. B. & L. Association, 17 Pa. Superior Ct. 270; Landreth v. McCaffrey (No. 2), 17 Pa. Superior Ct. 276. The appellant concedes this to be the general rule, but insists that it being an equitable mode of compelling the ultimate discharge of the

debt by him who in good conscience ought to pay, and to relieve him whom none but the creditor could ask to pay, the same equitable considerations require the tax to be apportioned between the parties, in proportion to the fractions of the year during which they respectively have received the revenues of the property. This court held otherwise in the case of Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545, and that case involved the assertion of no new principle. The person charged at the time the taxes are assessed, whether that assessment be at the beginning or in the middle of the year is liable for the whole tax, though he alien before the day fixed by law for an appeal from the assessment, and without paying the tax. Taxes cannot be computed like interest, from day to day; they are an arbitrary exaction by the sovereign, to meet the expenses of government, and vary from year to year. The time when they shall be laid is determined by the taxing power. The frequency of the imposition rests with the sovereign, and the duty of paying the taxes upon seated lands is primarily upon the owner at the time they are assessed. Had this defendant acquired title the day after the assessment of the taxes in the year 1903, and actually parted with the title the day before the assessment was made in the year 1904, he would have escaped all liability for taxes, although he might have been the actual owner and in receipt of the revenues of the property for only two days short of one full year. When the person, who is the owner of the land at the time the tax is assessed, aliens during the year, it is his business to make his bargain with the alienee, and if he fails to do so he is liable for the whole amount of the tax, as against those who succeed to his title and are compelled to pay the charge : Shaw v. Quinn, 12 S. & R. 299 ; Densmore v. Haggerty, 59 Pa. 189 ; King v. Mt. Vernon Building Association, 106 Pa. 165. We cannot assume, under the record here presented, the existence of any local custom in Philadelphia which would take this case out of the operation of the general laws of the commonwealth. The defendant was entitled to judgment for the amount of the general levies for the years 1903 and 1904.

The claim for the water rent for the year 1904 presents a different question. The action, as to that part of the claim,

cannot be sustained, in the absence of a contract between the parties, unless the owner was legally and personally responsible for the payment of the water rent: Neill v. Lacy, 110 Pa. 294; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616. Taxes, as such, cannot be collected by a common-law action against the owner, as for an ordinary debt, unless such remedy is given by statute: McKeesport Borough v. Fidler, 147 Pa. 532. The diligence of counsel has failed to discover any statute imposing upon owners a personal liability for water rents in the city of Philadelphia, and such liability is certainly not created by the Act of June 4, 1901, P. L. 364. The judgment entered by the court below includes the amount of the water rent for the year 1904, and is to that extent erroneous.

The judgment is modified by striking therefrom the amount of the water rent for the year 1904, and judgment is accordingly now entered in favor of the plaintiff and against the defendant for $412.04, with interest from February 6, to 1904.