# Presbyterian Ministers' Fund *v.* Folz, Appellant.

*Ground rent—Failure to pay taxes—Action against owner.*

Where an owner of land charged with a ground rent fails to pay the taxes assessed on the land, and subsequently defaults on the ground rent, and the owner of the ground rent obtains judgment for the arrears, and at a sheriff's sale under the judgment buys the land, and in order to save the property pays the arrears of taxes, he may in an action of assumpsit against the former owner recover the amount of the taxes which the former owner should have paid. In such a case it is immaterial that the nominal purchaser at the sheriff's sale was not the owner of the ground rent, if it appears that the purchaser bought the land for the benefit of the owner. The suit may be brought in the name of the owner of the ground rent.

Argued Oct. 20, 1909. Appeal, No. 100, Oct. T., 1909, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 4,723, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Presbyterian Ministers' Fund v. Leon H. Folz. Before Rice, P. J., Porter, Morrison, Orlady and Head, JJ. Affirmed.

Assumpsit to recover taxes paid by plaintiff to protect his title.

Rule for judgment for want of a sufficient affidavit of defense.

Audenried, J., filed the following opinion:

The plaintiff in this case caused the sheriff to sell a property, known as No. 1241 Markoe street, in the city of Philadelphia, under execution on a judgment for $75.90 that it had obtained for an installment due July 1, 1908, on account of a yearly ground rent of $90.00 issuing thereout. The property was sold subject to the ground rent charges. It was bought by Jonathan C. Neff, to whom the sheriff subsequently conveyed it. Its price did not suffice to pay more than the costs of the execution. In buying the property Neff acted for the plaintiff, for which he still holds its title. From 1898 to the middle of

1903, the premises, subject to the payment of the yearly ground rent above referred to, were owned by the defendant herein. The city taxes for the years 1899, 1900, 1901, 1902 and 1903, were assessed against it in his name. These were still owing when the sheriff's sale took place, and, its proceeds not sufficing to pay them, their lien upon the property con-tinued undisturbed.

Upon acquiring control of the title of the premises in the manner above described, the plaintiff paid the tax claims for the five years that have been mentioned, and brought this ac-tion to recover from the defendant the sum of $205.55 that he thus expended.

The defendant does not deny the plaintiff's averments of the foregoing facts. He does not dispute the legal proposition that one, not a mere stranger or volunteer, who, under com-pulsion, actual, present and potential, pays the debt of an-other in order to preserve rights or property of his own, being under no legal obligation to make the payment, is entitled to subrogation to the rights and remedies of the creditor against the debtor. He concedes that this principle has been applied in relief of a mortgagee who, having bought in the mortgaged property at the sheriff's sale in foreclosure proceedings, has paid the tax claims which the sale has not discharged; and even in relief of the holder of a ground rent who has bought the property on which his ground rent is charged at the sheriff's sale under a judgment for arrears thereof, and has been obliged, in order to preserve the property thus acquired, to pay off the undischarged taxes that incumbered it.

The defenses set up by the affidavit under consideration are, first, that the payment of the taxes assessed against Folz was a purely voluntary act on the part of the plaintiff, since its ground rent has not been extinguished by merger in the fee, as was the case in Frank v. McCrossin, 33 Pa. Superior Ct. 93, and since on that estate in the land the taxes were not a lien whose discharge was necessary to its preservation; and second, that the application of the doctrine of subrogation to the case before the court will not sustain the plaintiff's demand, since the right of the city of Philadelphia to recover the taxes above

mentioned by personal action against the defendant was, at the time of their payment by the plaintiff, barred by the statute of limitations, and since the right of the plaintiff in the matter can rise no higher than that of the city.

We are of opinion that neither of these defenses is sufficient to prevent judgment in favor of the plaintiff.

That the defendant's failure to pay the taxes on the property out of which the plaintiff's ground rent issued endangered the latter's rights in the land and made it necessary for their preservation that it should pay what was properly the debt of the former cannot be doubted. Neff is merely the plaintiff's trustee. The property held by him belongs to the plaintiff as absolutely as it would if its legal title were in the latter. It is difficult to see how the case of one who, as the result of a sheriff's sale of land for arrears of the ground rent charged upon it, has become the owner of the land as well as of the ground rent charge can be said to differ from that of one who, after a similar sale, holds the land that he has bought thereat clear of the charge of the ground rent that he formerly held upon it, through the merger of the estate that was formerly his in the fee that he acquired by purchase at the sale. The right of the ground rent landlord who, in the course of an effort to collect the arrears of his ground rent, has come to be the owner of the land out of which his ground rent was reserved to pay the taxes assessed against the land and look for reimbursement to the party whose duty it was to pay them, would seem, on the authority of Frank v. McCrossin, 33 Pa. Superior Ct. 93, to be as clear in one case as in the other.

It is undoubtedly true that in the case now under consideration the taxes paid by the plaintiff were not a lien on its estate in the property as ground rent landlord, and that a sale of the land under a judgment obtained for them would not divest that estate therein; but it by no means follows that the defendant's failure to pay them did not jeopardize the plaintiff's rights in the land. Under sec. 2 of the Act of April 19, 1883, P. L. 9, the receiver of taxes of Philadelphia may collect delinquent taxes by distraint either out of the personal property on the premises or out of the personal or real estate of the

delinquent owner wherever the same may be found; and by sec. 3 of the same act he is authorized to distrain and levy upon and sell any goods, chattels or personal property found on any premises on which the taxes are delinquent. By the section last cited it is provided that, when the personal property of a tenant has been levied on for taxes, the amount collected from the tenant by the receiver of taxes, "shall be a lawful deduction from the rent due." Upon that method of collecting back taxes the legislation of this commonwealth imposes no limitation with respect to the time within which it may be resorted to; and it might be pursued even if the statute of limitations was a bar to the right of the city to maintain a personal action against the delinquent taxpayer, since the statute affects only the remedy to which it refers and leaves the obligation or liability untouched. Under the act of assembly to which reference has been made the officials of the city, at any time after the sale of No. 1241 Markoe street by the sheriff, might have distrained and sold the goods on the property for the taxes that the defendant still owed. The tenant whose goods were thus seized would have had the right to pay the tax claims and defalk against the rent that he had to pay. The statute is broad enough to confer this right on a tenant in fee who holds subject to a ground rent as well as on the mere tenant for years; and, in equity, the right of each to subrogation against his landlord stands on the same foundation. Even, however, if this were not so, it is manifest that the danger of a distraint for taxes on the personal property on the land would seriously threaten the rights of the ground rent landlord, as it might easily conflict with the collection of arrears of ground rent by the taking of a distress from the same goods.

It is by no means clear that the right of the city of Philadelphia to cover the taxes assessed against the defendant as owner of the Markoe street property, by a personal action, is barred by the statute of limitations. While it was assumed in several cases by the Supreme Court that tax claims may be barred by the statute, no case has been pointed out in which it was held that the claim for the taxes in suit was actually

barred.   On the contrary, the case of Philadelphia v. Atlantic & Pacific Telegraph Co., 10 Pa. Dist. Rep. 376, is authority for the proposition that such claims are not affected by the statute.   Be this, however, as it may, it is certain that the statute operates only on the particular remedy to which it refers, and not on the obligation of him against whom taxes have been assessed to pay them.   Hence, as has been pointed out above, they may be collected at any time by any legal means, resort to which is not barred by specific enactment. Such a method of collection is afforded by the Act of April 19, 1883, P. L. 9.   It cannot be argued that the plaintiff on paying the taxes owing by the defendant was subrogated merely to the remedy against him that was left to the city, and is consequently obliged to secure reimbursement through distraint and sale.   In Commonwealth v. Mahon, 12 Pa. Superior Ct. 616, it was pointed out by the Superior Court that, "Remedies to enforce personal liabilities for taxes, possessed by public authorities might be unsuitable and inappropriate to be used by an individual."   A distraint by the plaintiff on the defendant's personal effects and their sale in pursuance thereof would be vexatious, and, perhaps, result in hardship or oppression.   Rather then relegate the plaintiff to a proceeding of that character the law will sustain an action such as the present upon the implied undertaking of the defendant to repay the moneys laid out to relieve him from his liability and its incidental inconveniences.

The rule for judgment is made absolute.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Stanley Folz,* for appellant.

*Francis Chapman,* with him *S. Spencer Chapman,* for appellee.

PER CURIAM, December 13, 1909:

The facts of this case are fully and clearly set forth in the able opinion filed by the learned judge of the common pleas,

and we shall not undertake to restate them. It was held in Frank v. McCrossin, 33 Pa. Superior Ct. 93, applying the principle of Hogg v. Longstreth, 97 Pa. 255; Republic B. & L. Assn. v. Webb, 12 Pa. Superior Ct. 545; Theobald v. Sylvester, 27 Pa. Superior Ct. 362, and kindred cases, that where an owner of land charged with a ground rent fails to pay the taxes assessed on the land, and subsequently defaults on the ground rent, and the owner of the ground rent obtains judgment for the arrears, and at a sheriff's sale under the judgment buys the land, and in order to save the property pays the arrears of taxes, he may in an action of assumpsit against the former owner recover the amount of the taxes which the former owner should have paid. The facts of the present case are the same, excepting that here the nominal purchaser at the sheriff's sale was not the owner of the ground rent. This being so, it is argued that the plaintiff was under no compulsion to pay the taxes in order to protect its title or estate as ground owner, and therefore the principle of the cases above cited does not apply. Whether the plaintiff could have maintained the action, if the purchaser at the sheriff's sale had been an entire stranger, is a question which need not be determined in this case. It being an admitted fact that the purchaser bought and holds the land for the benefit of the plaintiff, the payment of the taxes by the latter was as clearly necessary for the protection of its title and estate in the land as if it had been the nominal purchaser at the sheriff's sale. Nor, when the principle at the foundation of the action is considered, was it necessary that it be brought in the name of the purchaser. He had not paid the taxes, but the plaintiff had. The legal obligation of the defendant was directly to the latter, and no substantial reason has been shown for denying to the latter the right to enforce it by action in its own name. See Com. v. Mahon, 12 Pa. Superior Ct. 616, 626. It was further pointed out in the opinion of our Brother PORTER in that case that the question of the right to maintain the action turns upon the personal liability of the owner, not upon the form of remedy to be used by the taxing authorities to enforce that liability. See also Caldwell v. Moore, 11 Pa. 58, where,

though the remedy of the county and township was limited to the tax warrant, yet it was held that Caldwell could in a common-law action recover from the owner who was ultimately liable. So here, the learned judge of the court below in a clear and satisfactory opinion has shown, even if it be conceded that the statute of limitations could have been pleaded to a personal action brought by the city for the taxes in question, the personal obligation of the defendant remained and was enforcible by distress. Upon that subject we refer, for a full discussion of the question, to his opinion. This being so, the principle recognized in all the cases would seem to entitle this plaintiff, having been compelled in order to protect its property to pay the taxes which the defendant ought to have paid and for which he was legally and primarily liable, to maintain a personal action against him. The cases of Neill v. Lacy, 110 Pa. 294, and Theobald v. Sylvester, 27 Pa. Superior Ct. 362, so far as the latter case relates to the claim for water rent, do not apply. They are based on the fact that there was no personal liability of the owner for the taxes in the former case and the water rent in the latter.

Judgment affirmed.