# O'Donnell *v.* Neely, Appellant.

*Courts — Municipal Court of Philadelphia County — Rules of court—Practice—Sufficiency of statement.*

Where a rule of the Municipal Court of Philadelphia County provides that rules for judgment for want of a sufficient statement must be filed within five days after the service thereof, no such judgment can be entered where the record shows that a rule was not filed until fifteen days after service.

Judgment cannot be entered for want of an answer unless the statement is self-sustaining, showing a good cause of action, and containing such averments of fact as, if not controverted, would entitle plaintiff to a verdict for the amount that is claimed.

*Taxation—Liability for water rents.*

In Philadelphia County there is no personal liability on owners of real estate for water rent.

*Deed—"Under and subject" clause — Mortgage — Liability for taxes—Water rent.*

In an action to recover water rent, taxes and a balance on a mortgage, which the plaintiff had been compelled to pay in his own relief, and which he alleges the defendant was liable to pay, it appeared that plaintiff owned real estate subject to a mortgage which he had given with his personal bond to a building association. He conveyed this real estate "under and subject" to the mortgage to a person whom he described in his statement of claim as a "straw man." The latter conveyed the land to the defendant

Subsequently the association foreclosed the mortgage, and the sheriff's sale did not realize enough to pay the water rent for two years, the taxes for three years, and portion of the mortgage. The association entered up judgment on plaintiff's bond, and plaintiff in his own relief paid the amount of the association's claim. *Held,* (1) that the mere averment that the plaintiff believed and expected to be able to prove that his grantee was a "straw man" is not such an averment of fact as would entitle plaintiff without further proof to a judgment for a portion of the mortgage unpaid; (2) that defendant was not liable for the water rent; (3) that plaintiff was entitled to recover for the taxes inasmuch as he was subrogated to the rights of the association against the defendant as to the taxes.

*Deeds—"Under and Subject"—Mortgage—Straw man.*

Where a deed is made under and subject to a mortgage, and it is the intention of the parties that the grantee therein named shall be a "straw man" who will immediately convey the property to another person, the grantee of the straw man assumes no personal liability for the payment of the mortgage.

Argued Dec. 11, 1916. Appeal, No. 348, Oct. T., 1916, by defendant, from orders of Municipal Court, Philadelphia Co., July T., 1916, No. 11, discharging defendant's rule for judgment for want of a sufficient statement, and in making absolute plaintiff's rule for judgment for want of an answer in case of Frank J. O'Donnell v. Robert A. Neely. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Judgment modified.

Rule for judgment for want of a sufficient statement.
Rule for judgment for want of an answer.
Defendant's rule for judgment was as follows:

"And now, September 21, 1916, the defendant, by his attorney, J. M. Mitcheson, Esq., moves the court for judgment for want of a sufficient statement, motion returnable Thursday, September 28th, 1916.

"The said statement is deemed to be defective in substance and form, inter alia, in that

"(a) It does not clearly set forth the terms of any agreement;

351, (1917).] Statement of Facts—Opinion of the Court.

"(b) it does not clearly set forth a breach of any agreement;

"(c) The words 'under and subject' in the deed of Pennington, et ux to defendant did not import any liability as between the plaintiff and defendant."

The averments of the statement of claim are fully set forth in the opinion of the Superior Court.

*Errors assigned* were (1) in discharging defendant's rule, and (2) in making absolute plaintiff's rule.

*J. M. Mitcheson,* for appellant, cited: Kirker v. Wylie, 207 Pa. 511; Lennox v. Brower, 160 Pa. 191; Hazleton Bank v. Kintz, 24 Pa. Superior Ct. 456; Girard Life Ins. Co. v. Stewart, 86 Pa. 89; Steele v. Walter, 204 Pa. 257; Maule v. Weaver, 7 Pa. 331; Aronson v. Heymann, 56 Pa. Superior Ct. 501.

*William E. Caveny,* for appellee.

OPINION BY WILLIAMS, J., April 16, 1917:

The statement of claim avers, inter alia, that on January 4, 1912, the plaintiff, the owner of premises No. 2312 Tioga street, Philadelphia, executed his bond to a building association for the payment of $1,500, and, as collateral security therefor, executed a mortgage secured upon the premises; that in 1913 the defendant agreed to purchase the property under and subject to said mortgage, and by deed dated October 31, 1913, plaintiff conveyed the premises to one Pennington "under and subject" to the payment of a mortgage of $3,500, and a second mortgage of $1,500 above recited; that Pennington, by deed dated October 31, 1913, conveyed the premises to defendant; he having defaulted in his payments to the association and in the payment of taxes assessed against the said premises for the years 1914, 1915, 1916, the association foreclosed the $1,500 mortgage and entered judgment for $1,423.40, which with interest amounted to

$1,440.01, and under the proceedings said premises were sold by the sheriff on April 3, 1916, and purchased by the mortgagee for $1,300, thus divesting defendant's title; that in the distribution of the $1,300, raised by the sale, there was deducted for costs, $94.47; for taxes, $279.33; for water rent, $34.40, amounting to $408.20, and a balance due by plaintiff on judgment of $140.01, making a total of $548.21; that on April 20, 1916, the association entered judgment on the bond of the plaintiff, which judgment became a lien on his real estate, and, in order to relieve it, he was compelled to pay $554.49 in satisfaction of said judgment, for which this suit was brought. The statement further averred that "plaintiff is informed and believes and expects to be able to prove at the trial of the cause, that the said I. Clarence Pennington had no financial interest in said conveyance, but that said conveyance was made to him as a 'straw man' and in trust to be immediately conveyed to the said Robert Neely."

September 21, 1916, the defendant moved for judgment for want of a sufficient statement of claim. September 23, 1916, the plaintiff moved for judgment for want of an answer. The court discharged defendant's rule and made absolute that of the plaintiff. From this action we have the present appeal.

A rule of the Municipal Court, as appears from appellee's paper book, provides that rules for judgment for want of a sufficient statement must be filed within five days after service thereof, and, as the docket entries show that defendant's motion was not made until fifteen days after service, the first assignment of error is overruled.

The second assignment avers error in the entry of judgment for want of an answer. None was filed. Nevertheless, the statement of claim must be sufficient to support the judgment or it must fall. A statement must be self-sustaining; it must set forth in clear, concise terms, a good cause of action; such averments of fact as, if not controverted, would entitle him to a verdict for the

amount that is claimed: Chestnut St. Nat. Bank. v. Ellis, 161 Pa. 241.

The plaintiff is seeking to recover for three separate items. 1. Water rent for the years 1915 and 1916— $34.40. 2. Taxes for 1914, 1915, and 1916—$279.33.

3. The balance on the judgment obtained by the mortgagee against O'Donnell not produced by the property sold with costs of suit and sale.

The averment that plaintiff believes that Pennington was a "straw man" is not such an averment of fact as, if not controverted, would entitle him without further proof to a judgment. Even if properly averred, and admitting that Pennington was a "straw man," the inference is not clear that the implied covenant, resulting from the use of the words "under and subject," arises. Clearly the intention of the parties was that it should not arise. In Aronson v. Heymann, 56 Pa. Superior Ct. 501, the same course of procedure was pursued and this court said, PORTER, J. (506) : "The words in the agreement (straw bond) meant that this defendant should not be required to assume a direct liability to Carrie Gansman for the payment of the amount of the bond, nor should he be required to furnish a bond made by a party who was financially satisfactory to her." In either event, the plaintiff's statement is not sufficient to warrant judgment for any liability arising from the use of the words "under and subject."

Independently of such liability there can be no recovery for the water rent, as there was no personal liability therefor: Theobold v. Sylvester, 27 Pa. Superior Ct. 362, but the registered owner of a property is liable for taxes assessed thereon during his ownership. There is, therefore, a liability resting upon the defendant for this item. It will be noted, however, that this suit is not by the mortgagee in the foreclosure suit, but by the mortgagor. If the association had been the plaintiff, undoubtedly the judgment for taxes would be sustained: Landreth v. McCaffrey (No. 1), 17 Pa. Superior Ct. 272; Edwin Forrest

Home v. Shattuck, 64 Pa. Superior Ct. 239; Hogg v. Longstreth, 97 Pa. 255. To relieve his bond, the mortgagor was compelled to pay the taxes to the mortgagee. He is, therefore, subrogated to the rights of the mortgagee. In Gr. Council of Pa. Royal Arcanum v. Cornelius, 198 Pa. 46, FELL, J., said (50) : "......one who has been compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other ......"

The statement of claim sufficiently avers that the plaintiff was compelled to pay a debt for which the defendant was primarily liable. The right of subrogation is, therefore, complete. To this extent, the judgment should be sustained.

The record is remitted to the court below with direction to modify the judgment in accordance with this opinion.