## Frazier et al. v. Berg.

Barnes, Brinton & Biddle, for plaintiffs.
Levinthal, Schofield & Kraus, for defendant.

FERGUSON, P. J., Dec. 31, 1928.—Plaintiffs were mortgagees who were obliged to foreclose their mortgage on certain real estate on 12th Street, above Walnut Street, Philadelphia, and to buy the property in at sheriff's sale. The sale was had on Oct. 1, 1928, and, after taking title, plaintiffs were obliged to pay city and school taxes assessed against the premises for the years 1927 and 1928, amounting in all to $24,038.12, and also $73.45 for water rent.

The premises had been conveyed to defendant in July, 1926, and title remained in him up until the time of the sheriff's sale. Plaintiffs have brought suit against defendant for the amount paid in taxes and water rent.

In brief, the defense is that defendant took the bare record title as representative for the Finance Company of New Jersey, which company was the real owner; that the consideration for the purchase of the property was furnished by that corporation and it exercised full control and ownership and received and enjoyed the rents; and that defendant did not assume the performance of any duties in reference to the property other than to hold the bare record title.

The statement of claim does not aver that the taxes were assessed against the property in the name of Berg, but that is not important. The policy of the law is to make the owner of the land at the time the taxes are assessed liable for the payment thereof: King v. Building Ass'n, 106 Pa. 165.

The affidavit of defense is very much like the one filed in Bergdoll v. Pitts, 41 Pa. Superior Ct. 257, which was held to be insufficient. The person who holds title is presumably the owner. Defendant here says he took the bare legal title as representative for a corporation. Just what the word "representative" means is not disclosed, and what rights, duties and obligations are covered by its use are matters purely speculative. It is a mere conclusion without revealing the facts on which it is based. The averment that the finance company was the real owner is also a conclusion. It is unimportant who paid the consideration for the property, because the time of purchase is not given and many things may have happened after the purchase. That the finance company exercised control and collected the rents may be true, and at the same time these facts may be consistent with an interest in defendant in the property. Neither does it help the defendant to assert that he did not

assume the performance of any of the duties in reference to the property other than to hold the title. The whole affidavit is vague, indefinite and lacking in frankness. If there was a declaration of trust, it is not disclosed; neither is it explained why defendant held title or when or under what circumstances he was to surrender it. We think the affidavit with respect to taxes is insufficient.

As to the claim for water rent, our attention is called to the fact that in Theobald v. Sylvester, 27 Pa. Superior Ct. 362, it was held an action against an owner for unpaid water rents could not be sustained unless the owner was legally and personally responsible for the payment. Subsequently, however, by Act of April 4, 1907, P. L. 40, it was provided that municipalities might proceed for the recovery or collection of any municipal claim or claims whatsoever by lien or by action of assumpsit. By the Act of June 4, 1901, P. L. 364, it was provided that the words "municipal claims," as used in that act, meant claims filed to recover water rates. Therefore, if there was a personal obligation upon the owner of the property which could have been enforced by an action of assumpsit, the liability of the owner of the property for water rents is the same as that for taxes, and he is bound to pay to a purchaser at sheriff's sale who pays the water rents the amount of such payment. The decision in Theobald v. Sylvester, supra, is followed in O'Donnell v. Neely, 66 Pa. Superior Ct. 351, but the matter is not discussed, and we assume the passage of the Act of 1907 was not brought to the attention of the court at that time. The rule for judgment is made absolute.