# Henry v. B. Itzkovitz-H. Uram Building and Loan Association.

*Horace M. Rumsey*, for plaintiff; *Adolph Eichholz*, for defendant.

SMITH, P. J., June 23, 1931.—This matter arises from an affidavit of defense in lieu of a demurrer.

The plaintiff filed a statement of claim claiming from the defendant association the sum of $756.47, representing delinquent taxes and water rent for 1929 and 1930 against premises Nos. 751-53 East Passyunk Avenue, in the City of Philadelphia, which property was purchased by him at the sheriff's sale on August 4, 1930, under a venditioni exponas issued on a judgment entered on a bond accompanying a first mortgage of $5000 secured on said premises.

The defendant association (through another association with which it merged) was the real owner of the premises from October, 1928, to May, 1930, and, hence, was assessed for city and school taxes and water rents on January 1, 1929, and January 1, 1930. The taxes for the two years totaled $659.88. In addition, the plaintiff had to pay as purchaser at the sheriff's sale the water rents that were delinquent for 1929 and 1930, with penalty and interest, amounting to $96.59. The property at the sheriff's sale was purchased by the plaintiff for the sum of $75, which was insufficient to pay the outstanding and unpaid taxes and water rents against the property. The plaintiff was, therefore, obliged to pay the unpaid taxes and water rents with interest for the years 1929 and 1930.

The affidavit of defense in lieu of a demurrer raises the question of the legal right of the plaintiff to recover the amount of the water rents for 1929 and 1930 in the sum of $96.59 paid to the sheriff by the plaintiff.

The amount involved is small, but the question presented is of considerable importance.

The payment by a purchaser at a sheriff's sale of claims which at that time are delinquent and are claims or liens against the property sold does not constitute a voluntary payment of the debt of the prior owner.

The case of Hogg v. Longstreth, 97 Pa. 255, held that a purchaser at the sheriff's sale who had paid such delinquent claim had a cause of action in assumpsit to recover for such amount against the prior owner. Mr. Justice Trunkey, at page 260, said:

"There was a strict legal liability on the defendant to pay the taxes. And it was his duty. Prompt payment of taxes is to the public advantage.

Attempts by him who owes and ought to pay them to evade payment, or shift the burden upon another, ought not to be encouraged. The defendant has shown nothing which in good conscience should relieve him. He wittingly became owner and held possession of the lots subject to the mortgages, and had as little right to create or suffer an encumbrance which would take preference of the mortgage as the mortgagor would have had, had he remained owner and in possession. The mortgagee was compelled to pay the taxes in relief of the land purchased for his debt, the land not raising a fund sufficient to pay both liens. We are of opinion that is a clear case for application of the principle, that he who is compelled to pay another's debt, because of his omission to do so, may recover on the ground that the law infers that the debtor requested such payment."

In Edwin Forrest Home v. Shattuck, 64 Pa. Superior Ct. 239, 241, 242, Porter, J., said:

"The general rule is, that where an owner of land subject to the lien of a mortgage fails to pay the taxes assessed on the land, and subsequently defaults on the mortgage, and the owner of the mortgage proceeds upon that instrument and obtains a judgment and at a sheriff's sale upon the judgment buys the land, for a sum insufficient to pay both the taxes and the mortgage, and in order to save the property pays the arrears of taxes, he may maintain an action of assumpsit against the owner of the land at the time the taxes became a charge upon the property, which charge the owner should have paid."

Under the Act of June 4, 1901, P. L. 364, sections 2 and 3, taxes and water rents are given priority over the mortgage in the distribution of funds at the sheriff's sale, and when the proceeds are insufficient to pay these two liens and the mortgage, to such amount as these liens are impaired, they shall continue as such until fully paid and discharged.

Taxes and water rents are assessed on the first day of January of each year and are municipal claims against the real estate for which the owner at that time is liable.

The case of Theobald v. Sylvester, 27 Pa. Superior Ct. 362, appears to make a marked distinction between taxes and water rents as municipal claims. It was there stated that there was no liability on the part of the owner for taxes at common law and that it required a statute to overcome that difficulty. As to the matter of water rents, Porter, J., said (p. 365):

"The claim for the water rent for the year 1904 presents a different question. The action, as to that part of the claim, cannot be sustained, in the absence of a contract between the parties, unless the owner was legally and personally responsible for the payment of the water rent: Neill v. Lacy, 110 Pa. 294; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616. Taxes, as such, cannot be collected by a common-law action against the owner, as for an ordinary debt, unless such remedy is given by statute: McKeesport Borough v. Fidler, 147 Pa. 532. The diligence of counsel has failed to discover any statute imposing upon owners a personal liability for water rents in the city of Philadelphia, and such liability is certainly not created by the Act of June 4, 1901, P. L. 364. The judgment entered by the court below includes the amount of the water rent for the year 1904, and is to that extent erroneous."

To overcome this seeming difficulty the Act of April 4, 1907, P. L. 40, was passed, in which it is provided: "That hereafter all municipalities of the Commonwealth of Pennsylvania may proceed for the recovery or collection of any municipal claim or claims, whatsoever, by lien or by action of assumpsit."

In Frazier et al. v. Berg, 12 D. & C. 62, Ferguson, J., said (p. 63):

"As to the claim for water rent, our attention is called to the fact that in Theobald v. Sylvester, 27 Pa. Superior Ct. 362, it was held an action against

an owner for unpaid water rents could not be sustained unless the owner was legally and personally responsible for the payment. Subsequently, however, by Act of April 4, 1907, P. L. 40, it was provided that municipalities might proceed for the recovery or collection of any municipal claim or claims whatsoever by lien or by action of *assumpsit*. By the Act of June 4, 1901, P. L. 364, it was provided that the words 'municipal claims,' as used in that act, meant claims filed to recover water rates. Therefore, if there was a personal obligation upon the owner of the property which could have been enforced by an action of *assumpsit*, the liability of the owner of the property for water rents is the same as that for taxes, and he is bound to pay to a purchaser at sheriff's sale who pays the water rents the amount of such payment. The decision in Theobald *v.* Sylvester, *supra,* is followed in O'Donnell *v.* Neely, 66 Pa. Superior Ct. 351, but the matter is not discussed, and we assume the passage of the Act of 1907 was not brought to the attention of the court at that time."

Then followed the statute of April 17, 1929, P. L. 527, the caption of which is: "Providing for the recovery and collection of municipal claims by action of assumpsit, without the necessity of entering liens for such claims, and repealing existing laws."

Section one is as follows: "Be it enacted, &c., That in addition to the remedies provided by law for the filing of liens for the collection of municipal claims, all cities, boroughs, incorporated towns, and first class townships may proceed for the recovery and collection of municipal claims by action of assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of the improvement, notwithstanding the fact that there was a failure on the part of any such city, borough, town or township, or its agents, to enter any such municipal claim as a lien against the property assessed for the improvement, and for the recovery of which the action of assumpsit was brought. Any such action in assumpsit shall be commenced within three years after the completion of the improvement from which said claim arises."

Section two is as follows: "This act shall extend to all municipal claims where the improvement was heretofore made, where the action of assumpsit has been instituted under the provisions of prior acts of Assembly, and where the claim is not barred by the statute of limitations affecting actions of debt or assumpsit."

Section three is as follows: "That the act, approved the eighth day of May, one thousand nine hundred and nineteen (Pamphlet Laws, seven hundred and eighty-six), entitled 'An act providing for the recovery and collection of municipal claims by action of assumpsit against the owner of property affected by municipal improvement,' and the act, approved the fourth day of April, one thousand nine hundred and seven (Pamphlet Laws, forty), entitled 'An act providing for the recovery and collection of municipal claims by lien, or by action of assumpsit,' be and the same are hereby repealed. All other acts and parts of acts, inconsistent with this act, are hereby repealed; but this act shall not be construed to repeal the provisions of any act providing for the recovery and collection of municipal claims by the entry of liens."

This section seems to place the matter of claims for water rent back to where it was prior to the Act of 1907, when it was held by the courts that in Philadelphia County there was no personal liability on owners of real estate for water rent.

The preamble of the Act of 1929 is broad enough to comprehend the recovery and collection of all municipal claims. There can be no doubt that water rent is not a municipal claim unless there is a personal liability on the part

of the owner for its payment. Sections one and two cover the claim that accrues by reason of some municipal improvement.

Clearly, a water rent or a tax debt could not be construed as an improvement. Consideration must be given to the intention of the legislature in seeming to repeal the Act of 1907 by section three of the Act of 1929 and its effect and consequences when the latter act in sections one and two provide for claims of an entirely different nature, to wit, improvements. All former legislation must be considered as well as the title of the Act of 1929. A most liberal interpretation must be given by the courts to obtain the legislative intent and not to restrict the act to municipal claims for improvements only. A strict interpretation would hamper the municipality in its collections for taxes and water rents and also block the sale of many properties at sheriff's sales. It must be evident that the legislature had no desire to abrogate the existing right of the city to its claim against the owner for water rents. It would offend against public policy to decide upon any other construction.

It has been decided that the title to the act is a part of the act itself and that it must be given a reasonable interpretation: Allegheny County Home's Case, 77 Pa. 77; Fourney's License, 28 Pa. Superior Ct. 71.

It has also been decided that in interpreting the intent of the legislature the title of the act may be consulted: Com. *v.* Moorhead, 7 Pa. C. C. 513.

The substitution of the word "or" for the word "of" in section one of the Act of 1929 before the phrase "the completion of improvements" would clear away the ambiguity and keep the status quo of the right of the municipality as the legislature no doubt meant it to be.

That portion of section one would then read "All cities . . . may proceed for the recovery and collection of municipal claims by action of assumpsit against the person or persons who were the owner or owners of property at the time (or) the completion of the improvement. . . ."

This liberal construction of the act to obtain the legislative intent without stretching its meaning beyond the logical meaning as expressed by the legislature is reasonable and fair in its results.

*Order.*

And now, to wit, June 23, 1931, the affidavit of defense raising questions of law is not sustained; defendant is given fifteen days to file a defense to averments of fact in the statement of claim.