## West Chester School District *versus* Darlington.

*Property of Non-resident Minors, where Taxable for School Purposes.*

1. Property held for the use of minors residing in another state, is taxable for school purposes in the county where the guardian resides, and where he holds it for the minor's use, under the Act of April 22d 1846.

2. But where a minor resides with her father in one school district, and her guardian resides in another, in the same county, the property held by the guardian is taxable for the benefit of the district wherein the minor lives.

ERROR to the Common Pleas of *Chester county*.

This was an amicable action in case between The West Chester School District, plaintiffs, and William Darlington, guardian of the estates of. Sarah H. Tanner and Caroline M. Tanner, and also guardian of the estate of Emma V. Cornog, defendant, in which the following case was stated for the opinion of the court :

William Darlington, a resident of the borough of West Chester, was, on the 2d day of May 1855, appointed by the Orphans' Court of Chester county, guardian of the estates of Sarah H. Tanner and Caroline M. Tanner, minors, residing in the state of Ohio, they being possessed of estates lying within the jurisdiction of said court: and on the 29th day of April 1852, he was also appointed by said court, guardian of the estate of Emma V. Cornog, a minor child of John Cornog, she residing with her father in Wallace township, in said county of Chester.

At the last levy and apportionment of the taxes for school purposes, made by the said School Directors of the West Chester School District, there was levied and apportioned on the personal property of the said Sarah H. Tanner and Caroline M. Tanner, the minors resident in the state of Ohio, a tax of $4.78 ; and on the personal property of the said Emma V. Cornog, the minor resident with her father in Wallace township, Chester county, a tax of 96 cents. These taxes were levied and apportioned on the personal property of the said minors made taxable for state and county purposes, agreeably to the copy of the last adjusted valuation furnished by the commissioners of Chester county, and it is admitted to be a correct apportionment of said tax, on the amount of personal property belonging to said minors, in the hands of said guardian, but which the said guardian objects to paying, on the ground that the said property is not justly chargeable with the payment of a common school tax, for the benefit of the West Chester common school district.

If the court shall be of opinion that the property of said minors, resident in the state of Ohio, and in Wallace township, Chester county, is thus taxable in the hands of the said guardian, resident in West Chester, for the benefit of the West Chester

School District, then judgment to be entered in favour of the plaintiff, for the sum of $5.74. If the property of either the minors residing in Ohio, or the minor residing in Wallace township,·Chester county, shall be thus taxable, and the other not thus taxable, judgment to be entered for the plaintiff, for the amount of taxes levied on the property thus taxable. If neither is thus taxable, judgment to be entered for the defendant.

The court below gave no written opinion, but directed judgment to be entered in favour of defendant, which was assigned for error here by the plaintiff.

*William E. Barber* and *J. Smith Futhey*, for plaintiff, contended that the school laws of Pennsylvania required the directors to levy for school purposes whatever property was subject to taxation for state or county purposes, and that therefore this property was liable in the hands of the guardian; that the fact of non-residence was immaterial, inasmuch as it was the *property* within the district, and not the *person* that was taxed; that the owner of a minor's personal property is the guardian, and that the laws look to the actual *situs* of property, and tax it where it is found; citing in support of these positions, School Law of 1836, § 5; Act of March 25th 1831, Purdon 214; Act of 12th April 1838, § 10, Purdon 322; Act of 29th April 1844, Purdon 787, pl. 98; Act of 22d April 1846, § 1, Purdon 789, pl. 106; Saving Fund *v.* Yard, 9 Barr 359; Act of 7th April 1849, § 22, 30, Purdon 272; Act of 1854, §§ 29, 30, 52, Purdon 1065, pl. 38; Hood's Estate, 9 Harris 114; Short's Estate, 4 Harris 66; Spangler *v.* York County, 1 Harris 322; Fire Insurance Co. *v.* Northampton, 9 Barr 413; Easton Bridge Co. *v.* The County, 9 Id. 415; Commonwealth *v.* Smith, 5 Id. 142; contending that The School Directors *v.* James, 2 W. & S. 568, was decided by a divided court, after re-argument, and does not rest on proper principles.

There was no printed argument presented by defendant in error.

The opinion of the court was delivered, February 4th 1861, by
STRONG, J.—However strong may be our convictions of the injustice and impolicy of taxing the personal property of non-resident minors for the benefit of the school district in which their guardian may happen to reside, its liability to such taxation is to be determined by the directions of the Acts of Assembly. The 29th section of the Act of May 8th 1854, entitled, "An Act for the regulation and continuance of a system of education by common schools," enacted, "that for the purpose of enabling the board of directors or controllers (of any school dis-

[West Chester School District v. Darlington.]

trict) to assess and apportion the tax for the ensuing school year, the county commissioners shall, when required, furnish the president or secretary of the board with a correct copy of the last adjusted valuation of proper subjects and things made taxable in the same for state or for county purposes, which said property, subjects, and things are hereby made taxable for school purposes, according to the provisions of the Act." And the 30th section requires the board of directors or controllers to levy and apportion the said school tax, not exceeding the amount of state and county taxes authorized by law to be assessed, on all objects, persons, and property, made or to be made taxable for state or county purposes. There is no room for doubt, therefore, that whatsoever and whosoever in any school district, is taxable for state or county purposes, is also taxable under the school law. The question then becomes, is personal property of non-resident minors, in the hands of their guardian, taxable for state or county purposes in the district in which the guardian resides? If the statutory provisions were the same now that they were in 1837 or 1841, the question must be answered in the negative, on the authority of School Directors v. James, 2 W. & S. 568. But they are not the same. Then the subjects of taxation were described as " all personal estate and property" " owned or possessed," the description evidently intending beneficial ownership or possession. Wherever the beneficial ownership was, there was the duty to assess and to levy the taxes. Hence, the domicile of the minor, in the case cited, was regarded as all important. On the 22d of April 1846, P. L. 486, another Act was passed, by which county commissioners are required to " assess a tax for state purposes upon all property, real and personal, not taxed under existing laws, held, owned, used, or invested, by any person, company, or corporation, in trust for the use, benefit, or advantage of any other portion, company, or corporation." The assessors of each ward or township are also required to ascertain and return the amount, description, and value of the said several objects of taxation. That under this Act and those which preceded it, the property in the hands of the defendant is taxable for state purposes, would seem to be beyond question. This much, at least, is ruled in Spangler v. York County, 1 Harris 322, and The Borough of Carlisle v. Marshall, 12 Casey 397. But where is it taxable? So far as relates to the property held for the use of the minors resident in Ohio, it must be taxable in West Chester, where the guardian lives, or not at all. Before the Act of 1846, property thus held by a guardian was not taxable under laws then existing, and it was therefore directly within the purview of that Act, the object of which was to reach all property not theretofore taxed, held in trust, or for the use of others. The purpose of the Act would be defeated, if we were to hold that the personal

[West Chester School District *v.* Darlington.]

property held for the use of the minors resident in Ohio, is not taxable where their guardian resides, and where he holds it for their use; for there only can it be assessed.

But the Act of 1848 does not embrace the case of the property of the other minor, who resides with her father, in Wallace township, another school district of Chester county. That was taxable under the laws existing at the time when the Act of 1846 was passed, and was therefore expressly exempted from its operation. But though taxable, it was not taxable for school purposes in West Chester, as was directly decided in School Directors *v.* James. Doubts have been entertained respecting the soundness of that decision, and certainly the opinions therein expressed respecting the domicile of the minor, are in conflict with many authorities, both English and American. But whether the court was right or wrong in those opinions, cannot detract from the authority of the decisions as bearing upon the present case. The defendant here was guardian, not of the person, but of the estate of the minor. No one contends that such a guardian, one who has no control of the person of the ward, can change the domicile of that ward, and change it, too, while the father is living. If, therefore, before the Act of 1846, it was the beneficial ownership or possession of personal property that was made liable to taxation, and that Act made no change in regard to property taxable before its passage, the tax upon the property of Emma V. Cornog for the benefit of the West Chester school district, is not warranted by law.

The judgment is reversed, and judgment is entered for the plaintiff for $4.78; it being the amount of tax levied and apportioned upon the personal property of Sarah H. Tanner and Caroline M. Tanner.