## Edwin Forrest Home *v.* Shattuck, Appellant.

*Taxation—Liability for taxes—Mortgage — Foreclosure — Heirs*

Where an owner of land subject to the lien of a mortgage fails to pay the taxes assessed on the land, and subsequently defaults on the mortgage, and the owner of the mortgage proceeds upon that instrument and obtains a judgment and at a sheriff's sale upon the judgment buys the land for a sum insufficient to pay both the taxes and mortgage, and in order to save the property pays the arrears of taxes, he may maintain an action of assumpsit against the owner of the land at the time the taxes became a charge upon the property, which charge the owner should have paid; and if the owner is dead, and his heirs have exercised acts of ownership over the land, such as continuing in possession of it and offering it for sale, they may be held liable for the taxes in arrear.

In such a case if the nominal purchaser at the sheriff sale is not the owner of the mortgage, but actually takes title and holds the property for the mortgagee, the latter when compelled to pay the taxes, is still within the rule, and may recover.

Argued Oct. 14, 1915. Appeal, No. 78, Oct. T., 1915, by defendants, from judgment of Municipal Court Philadelphia Co., March T., 1914, No. 168, for plaintiff on case tried by the court without a jury in suit of The Edwin Forrest Home v. Mary C. Shattuck and Frank R. Shattuck. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover taxes which plaintiff was compelled to pay. Before KNOWLES, J.

The facts appear by the opinion of the Superior Court.

240  EDWIN FORREST HOME *v.* SHATTUCK, Appellant.

Assignment of Error—Opinion of the Court. [64 Pa. Superior Ct.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Horace Michener Schell,* for appellants.—The heirs of an owner of real estate who dies intestate, are not liable for the payment of taxes for the year subsequent to that in which the decedent died, when they had not had possession or received any rent or other emoluments or benefits from the said real estate: Republic Building Assn. v. Webb, 12 Pa. Superior Ct. 545; Hogg v. Longstreth, 97 Pa. 255.

*Aladino A. Autilio,* for appellee.—The owner of a property is liable to the mortgagee who has to pay the taxes at a loss to himself: Rawle v. Renshaw, 15 Pa. Superior Ct. 488; Landreth v. McCaffrey, 17 Pa. Superior Ct. 272; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289; Fidelity Ins. T., Etc., Co. v. B. & L. Association, 17 Pa. Superior Ct. 270; King v. Mt. Vernon Building Association, 106 Pa. 165; Hogg v. Longstreth, 97 Pa. 255; Republic Building Assn. v. Webb, 12 Pa. Superior Ct. 545; Landreth v. McCaffrey, 17 Pa. Superior Ct. 272.

Opinion by Porter, J., October 9, 1916:

Francis E. Shattuck became the owner, in 1896, of the property 4007 Chester avenue in the City of Philadelphia, subject to a mortgage which had been executed by a former owner of the property and duly recorded; of which mortgage the plaintiff had become the assignee. Mr. Shattuck occupied the property as his residence and regularly paid the interest on the mortgage until the date of his death, in April, 1911. He died intestate and the entire title to the property was by the intestate laws of the State vested in these defendants, his widow and son. In January, 1912, the city taxes for that year were duly assessed upon the property and in May of that year the property was sold by the sheriff under proceedings upon the mortgage, the sum realized from the sale

being less than sufficient to pay either the mortgage or the taxes for 1912. The nominal purchaser at the sheriff's sale was Bronte Greenwood, who, however, took the title and held the same for this plaintiff, who was the owner of the mortgage. The plaintiff subsequently sold the property, the best price obtainable being less than the amount of the mortgage debt. The fact that the property was sold at the sheriff's sale under the proceedings on the mortgage "to the attorney on the writ for $50 and title was taken by the plaintiff in the name of Bronte Greenwood, Jr., who held the same for the plaintiff" is expressly admitted by the defendants in their answer to the statement filed by the plaintiff. It was admitted on behalf of the defendants, at the trial, "that the taxes for 1912, the amount plaintiff had to pay, was $140.19." The case was tried before one of the judges of the court below without the intervention of a jury. After the evidence had all been presented the defendants moved that the judgment be entered for the defendants, which motion the court overruled and granted an exception to the defendants. The court found for the plaintiff, for the amount of the taxes with interest. The defendants subsequently moved the court for judgment non obstante veredicto, which motion the court overruled and entered judgment for the plaintiff. The defendants appealed and the only specification of error complains of the action of the court in dismissing the defendants' motion for judgment non obstante veredicto.

Waiving any question as to the regularity of the specification of error we will consider the question involved to be, whether there was any evidence which warranted the finding of the court below in favor of the plaintiff. The learned counsel for the appellants concedes that the general rule is, that where an owner of land subject to the lien of a mortgage fails to pay the taxes assessed on the land, and subsequently defaults on the mortgage, and the owner of the mortgage proceeds upon that instrument and obtains a judgment and at a sheriff's sale

upon the judgment buys the land, for a sum insufficient to pay both the taxes and the mortgage, and in order to save the property pays the arrears of taxes, he may maintain an action of assumpsit against the owner of the land at the time the taxes became a charge upon the property, which charge the owner should have paid. We may further add that where the nominal purchaser at the sheriff's sale is not the owner of the mortgage, but actually takes the title and holds the property for the mortgagee, the latter, when compelled to pay the taxes, is still within the rule and may recover: Presbyterian Ministers' Fund v. Folz, 41 Pa. Superior Ct. 303.

The only element which the defendants contended at the trial was lacking to bring them directly within the operation of the above stated rule was that they never had been the owners of the land. They conceded that the laws of the Commonwealth cast the inheritance upon them and vested them with the title to and right to possession of the property immediately upon the death of Francis E. Shattuck, but they contend that they were never the beneficial owners for the reason that they never went into possession nor exercised any control over the property. When a man dies intestate the law immediately casts the descent upon his heir and vests in the latter title to his lands. The law also makes the owner of seated lands personally liable for the general taxes exacted for the support of the government. Whether an heir can escape liability for the payment of such taxes upon the ground that he has abandoned the inheritance might in some circumstances be a very interesting question to consider. It may, however, be proper to say that it would require very clear and unequivocal action indicating an abandonment of the estate, before the heir could be permitted to escape personal liability for the payment of the taxes on seated lands, even if that could be permitted in any case. We do not, however, feel warranted in expressing any opinion upon that question in the present case. Whether the defendants had entered

into possession of the property or attempted to exercise any control over it, as if it were their own, was a question of fact. The plaintiff produced evidence which, if believed would have warranted a finding that Mary C. Shattuck had continued in the actual possession of the property for over a month after the death of Francis E. Shattuck and that the defendants had placed the property in the hands of a real estate broker for sale, in August, 1911, and that the broker as their agent had made efforts to sell the property. This evidence it is true was contradicted, the witnesses for the plaintiff may have been mistaken, but that is a question which it is not for us to determine. Even if the contention of the defendants as to the law upon this point were correct, the specification of error in this case could only be sustained upon the ground that there was no evidence that the defendants had taken possession of the property or attempted to exercise control over it. There being a conflict of evidence, it was for the court below to pass upon the facts. The court below was not requested to find any specific facts and having entered a general finding in favor of the plaintiff, that finding must be sustained if there is any evidence to warrant it. We cannot say, therefore, that the court erred in refusing to enter judgment in favor of the defendants. The specification of error is overruled.

The judgment is affirmed.