## Mutual Trust Company v. Tollen.

*Real estate—Taxes—Title insurance—Assumpsit—Action by title insurance company against seller for unpaid taxes—Subrogation.*

1. Where a company insured the title of the purchaser to be clear of encumbrances upon the statement of the seller that all taxes had been paid, and thereafter it was shown that they had not been paid, and the insurer, under the terms of its policy to the purchaser, was required to pay them, the insurer may maintain an action against the seller to recover the amount thus paid.

2. The purchaser of real estate sold to him clear of encumbrances may, in his own right, recover from the seller taxes unpaid at the time of his purchase which he is required to pay, and such right extends to a company which insures his title.

3. In such case, payment by the insurer to the municipality did not make it a voluntary payment. Nor was it necessary for the insured to make payment and recover from the insurer to entitle it to recover form the seller.

4. One who has been compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed.

Motion to take off non-suit. C. P. Delaware Co., Sept. T., 1924, No. 998.

A. A. Cochran, for motion; Geary & Rankin, contra.

FRONEFIELD, P. J., Aug. 4, 1926.—If this case had been submitted to the jury, there was evidence from which they could have found that the defendant, in July, 1922, sold to Samuel Cottler premises No. 3929 Wyalusing Avenue, in the City of Philadelphia, to be clear from encumbrances. The plaintiff insured the title of said premises to Cottler to be marketable and clear from encumbrances, and at the settlement the defendant erroneously assured the plaintiff that the city and school taxes for 1921 had been paid, whereupon, relying upon the assurance of the defendant that the taxes had been paid, the plaintiff, for Cottler, made settlement with the defendant without deducting the amount of the taxes and issued its policy to Cottler. Subsequently, the plaintiff, under the terms of its policy with Cottler, was obliged to, and did, pay the City of Philadelphia the amount of the taxes which had not been paid, and brings this suit to recover from the defendant that amount, with interest.

At the trial, the judge who tried the case non-suited the plaintiff because there was no privity of contract between the plaintiff and defendant.

If Cottler had been the plaintiff, the suit would have been sustained, as he would clearly have been subrogated to the rights of the city: Landreth v. McCaffrey, 17 Pa. Superior Ct. 272; Forrest Home v. Shattuck, 64 Pa. Superior Ct. 239; Hogg v. Longstreth, 97 Pa. 255.

Inasmuch as the proofs sufficiently show that the plaintiff was compelled, by the terms of its policy, to pay the claim for which the defendant was primarily liable, it follows that the right of subrogation as to it is complete.

In Royal Council v. Cornelius, 198 Pa. 46, Mr. Justice Fell said: "One who has been compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against the other."

In O'Donnell v. Neely, 66 Pa. Superior Ct. 351, the plaintiff conveyed to the defendant real estate subject to plaintiff's bond and mortgage. The taxes

became in arrears; the mortgage was foreclosed, and the proceeds of sale did not pay the mortgage after deducting the amount due for taxes, whereupon the mortgagee entered the bond against the plaintiff, who paid the taxes and brought suit against the defendant, in which it was held that undoubtedly the mortgagee could compel Neely to pay the taxes, and, inasmuch as the plaintiff was compelled to pay the mortgagee, he is subrogated to mortgagee's rights against Neely.

The plaintiff here stands in the same relation to the transaction as O'Donnell did in the above case.

Payment made by the plaintiff direct to the City of Philadelphia does not make it a voluntary payment, because it is a payment which the plaintiff was compelled to make to Cottler, and there is no necessity for Cottler to pay the city and to then proceed against the plaintiff to justify the plaintiff in making the payment: Hogg v. Longstreth, 97 Pa. 255; 25 Ruling Case Law, 1324. The plaintiff was in position to be compelled to, and did, pay a debt for which the defendant was primarily liable: Trust Co. v. Gomeringer, 236 Pa. 179.

The non-suit is hereby taken off.