## Provident Trust Co., Guardian, v. Gitlin et al.

*Foulke, Foulke & Duffy*, and *Highley & Semans*, for plaintiff.

*Ditter & Menges*, for defendants.

DANNEHOWER, J., August 19, 1936.—This action in assumpsit was brought against the heirs at law of a deceased registered owner of real estate to recover for taxes in arrears for the years 1931, 1932, 1933, and 1934, paid by plaintiff, the mortgagee, to protect a title acquired through a sheriff's sale, said taxes having been assessed against the registered owner after his death.

The statement of claim avers that on March 9, 1925, Max Gitlin executed a mortgage on certain real estate owned by him to the Philadelphia Company for Guaranteeing Mortgages; that plaintiff, on March 28, 1928, became the assignee of said mortgage; that on July 31, 1930, Max Gitlin, the mortgagor and registered owner, died intestate, leaving to survive him defendants, as his heirs at law, a widow and five children; that on October 22, 1931, plaintiff, as assignee of said mortgage, took possession of said real estate, collected the rents and made repairs; that said mortgage was foreclosed and on April 12, 1934, a sheriff's deed was recorded in plaintiff's name.

And the statement of claim, after accounting for the rents and profits, deducting the expenses, and crediting the balance toward payment of the taxes which were assessed, due and paid by the mortgagee, for the years 1931, 1932, 1933, and 1934, claims a balance due from defendants of $273.35.

The affidavit of defense, while admitting most of the averments, denies liability for the reason that the defendant heirs never assumed title to the premises nor took or exercised ownership, possession or control over the real estate, and, further, for the reason that Abraham and William Gitlin are minors and George Gitlin, their brother and codefendant, is their guardian.

Upon these facts, plaintiff asks for judgment for want of a sufficient affidavit of defense, raising the main issue whether the defendant heirs, as nominal titleholders, with the real estate registered in the name of Max Gitlin on the books of the taxing authorities, are liable for taxes assessed and which became due during the period of their ownership, when they never assumed title, possession or control over said real estate in any manner.

Plaintiff contends that it is entitled to summary judgment because the averment in the affidavit that defendants were never in possession nor ever exercised any acts of ownership is not a valid defense, and cites as authority the case of Edwin Forrest Home v. Shattuck, 64 Pa. Superior Ct. 239, 242. But the entire quotation from that case does not, in our opinion, sustain plaintiff's contention and is clearly obiter dicta:

"When a man dies intestate the law immediately casts the descent upon his heir and vests in the latter title to his lands. The law also makes the owner of seated lands personally liable for the general taxes exacted for the support of the government. Whether an heir can escape liability for the payment of such taxes upon the ground that he has abandoned the inheritance might in some circumstances be a very interesting question to consider. It may, however, be proper to say that it would require

very clear and unequivocal action indicating an abandonment of the estate, before the heir could be permitted to escape personal liability for the payment of the taxes on seated lands, even if that could be permitted in any case. We do not, however, feel warranted in expressing any opinion upon that question in the present case. Whether the defendants had entered into possession of the property or attempted to exercise any control over it, as if it were their own, was a question of fact."

Eastman on Taxation in Pa., at page 1324 of the supplement, third paragraph of section 708, expresses what is the law in Pennsylvania, as follows:

"Where an owner of land subject to the lien of a mortgage fails to pay the taxes assessed on the land, and subsequently defaults on the mortgage, and the owner of the mortgage proceeds upon that instrument and obtains a judgment, and at sheriff's sale upon the judgment, buys the land for a sum insufficient to pay both the taxes and mortgage, and in order to save the property pays the arrears of taxes, he may maintain an action of assumpsit against the owner of the land at the time the taxes became a charge upon the property, which charge the owner should have paid; and if the owner is dead, and his heirs have exercised acts of ownership over the land, such as continuing in possession of it and offering it for sale, they may be held liable for the taxes in arrear."

It will be noted that in the Shattuck case there was evidence of acts of ownership. In the instant case, taking the averments of the affidavit as true, the defendant heirs were never in possession nor exercised any act of ownership over the real estate at any time. For the purposes of this rule, all averments in the affidavit properly pleaded must be taken as reciting true facts, and, furthermore, summary judgment should be entered only in cases clear and free from doubt. When there is a doubt it should be resolved in favor of defendant: P. R. R. Co. v. Coles, 87 Pa. Superior Ct. 432.

The defense that the assessment was not in the names of defendants, but continued in the name of the deceased owner, is without merit, because recovery may be had by the taxing authorities or those who become subrogated to their rights: O'Donnell v. Neely, 66 Pa. Superior Ct. 351; against the registered owner or anyone actually the real or beneficial owner: North Philadelphia Trust Co. v. Heinel Brothers, Inc., 315 Pa. 385. Likewise, the fact that two of defendants are minors is not a meritorious defense if they are found to be actual owners: West Chester School Dist. v. Darlington, 38 Pa. 157, 61 C. J. 170, §124.

Guided by these authorities and principles, we are of the opinion that the averments in the affidavit raise an issue of fact for the determination of a jury and are sufficient to prevent summary judgment.

And now, August 19, 1936, for the foregoing reasons, plaintiff's motion for judgment for want of a sufficient affidavit of defense is overruled and refused.