Provident Trust Company of Philadelphia Case.

Argued December 4, 1942. Before SCHAFFER, C. J.,
MAXEY, LINN, STERN and PARKER, JJ.

*John B. Gest,* of *Donahue, Irwin & Gest,* and *Harris J. Latta, Jr.,* for appellant.

*F. Gilman Spencer,* Special Deputy Attorney General, with him *E. Russell Shockley,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 4, 1943:

The question presented in this case concerns the taxability of intangible personal property in the hands of the resident guardian of a non-resident ward.

Don Edward Maron, a minor, became entitled, upon the death of his father, Alfred C. Maron, on August 3, 1933, to remainder interests in the estates of his grandfather, Conrad Maron, and his aunt, Laura Maron. Alfred C. Maron was domiciled outside the State of Pennsylvania at the time of his death, and Don Edward Maron also was then, and has continued to be, a non-resident. On October 27, 1933, the minor, then fourteen years of age, obtained, by a petition to the Orphans' Court of Philadelphia County under section 59(e) of the Fiduciaries Act of June 7, 1917, P. L. 447, the appointment of Provident Trust Company of Philadelphia as guardian of his estate in Pennsylvania. The assets of the Conrad Maron Estate consisted of cash and certificates of participation in mortgages, the assets of the Laura Maron Estate of cash and some non-taxable bonds. In each estate Fidelity-Philadelphia Trust Company was the executor and trustee, and as trustee was directed to pay the income to Alfred C. Maron for life and at his death the principal to his children (Don Edward Maron is his only child). Upon the audit in 1934 in the Orphans' Court of Montgomery County of Fidelity-Philadelphia Trust Company's account as executor of the

Laura Maron Estate, and upon the audit the same year in the Orphans' Court of Philadelphia County of its account as trustee of the Conrad Maron Estate, those courts awarded the assets to Provident Trust Company as guardian, which thereupon received the same from Fidelity-Philadelphia Trust Company. Provident Trust Company has ever since held, possessed and managed the assets at its place of business in Philadelphia, invested and reinvested them, collected the income and paid it periodically for the benefit of the ward, and in 1935 filed its account in the office of the Clerk of the Orphans' Court of Philadelphia County.

In December, 1939, the Department of Revenue assessed a personal property tax for the years 1936 to 1939 inclusive against Provident Trust Company as resident guardian of the minor's estate. A petition of the guardian for a re-assessment being denied, an appeal was taken to the Court of Common Pleas No. 4 of Philadelphia County, which entered a decree dismissing the appeal. The Provident Trust Company as guardian now appeals to this court.

The tax was imposed under the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended by the Act of July 17, 1936, P. L. 51, and as re-enacted and amended by the Acts of May 18, 1937, P. L. 633, and May 5, 1939, P. L. 76.* Section 3 makes taxable certain classes of personal property "owned, held or possessed by any resident, whether such personal property be owned, held or possessed by such resident in his own right, or as active trustee, agent, attorney-in-fact, or in any other capacity for the use, benefit or advantage of any other person . . ."

Our first inquiry is whether property in the hands of a *guardian* was intended to be included. It is true, as appellant points out, that a guardian, unlike a trustee, does not take legal title to the property of the bene-

---

* The act was again re-enacted and amended by the Act of July 11, 1941, P. L. 361, subsequent to the imposition of the tax in this case.

ficiary, but acts merely as a custodian or manager, subject to the direction of the court which appoints him; the ward, not the guardian, is the owner of the property. But the statute makes the tax applicable not only to property "owned" but also to that "held or possessed" by a resident; nor do agents and attorneys-in-fact, any more than guardians, have title to the property taxed in their hands. It would therefore seem clear that the words "in any other capacity" must be construed to include guardians. Moreover, there is a further provision in section 3 that "corporations . . . holding such securities as trustees, executors, administrators, *guardians,* or in any other manner, shall return and pay the tax imposed by this section upon all securities so held by them as in the case of individuals." This, in itself, is determinative of the question: see *Estate of Dalzell, Deceased,* 96 Pa. Superior Ct. 467, 472, 473.

Our second inquiry is whether a guardian for a *non-resident* minor is embraced within the act. Not only does the statute make no express distinction between property held for resident and that held for non-resident beneficiaries, but a fair inference that no such distinction was intended arises from the fact that there is a provision for exemption where the property is received by the resident fiduciary from a non-resident for the use or benefit of such non-resident. Had it not been the legislative intention to include as taxable the assets held by resident fiduciaries for non-resident beneficiaries there would have been no need for this special exemption in the case of property which is received from the non-resident. Then, too, by an amendment contained in the 1939 act, there is excepted property held by executors or administrators of the estates of non-resident decedents, which again clearly indicates it was intended that property of non-resident beneficiaries held by all resident fiduciaries other than those thus excepted should be included. In construing the Act of April 22, 1846, P. L. 486, which imposed a tax upon all property "held,

owned, used or invested by any person, company, or corporation, in trust for the use, benefit, or advantage of any other person, company, or corporation," this court held that the personal property of a non-resident minor was taxable in the hands of the guardian residing in this state: *West Chester School District v. Darlington,* 38 Pa. 157.

Our next inquiry is whether appellant is exempt by reason of the provision, already referred to, that the tax shall not apply to property *received from a non-resident* by any person or corporation as active trustee, agent, attorney-in-fact, or in any other capacity for the use, benefit or advantage of a non-resident. Appellant argues that, since it was appointed guardian on the petition of the ward, and he was the owner of the property, it received the assets, in a legal sense, from him and therefore from a non-resident. The fact is, however, that the minor never had possession of the securities, which at all times remained within the State of Pennsylvania. The word "received," as used in the act, must be construed according to its "common and approved usage" (Statutory Construction Act of May 28, 1937, P. L. 1019, section 33) and, so construed, it means "obtained by physical delivery from another." Only when the Orphans' Courts of Montgomery and Philadelphia Counties awarded the assets in the grandfather's and aunt's estates to appellant as guardian did the latter receive the property, and then not from the ward, but from Fidelity-Philadelphia Trust Company, which, until that time, held title to it as executor or trustee.

Our final inquiry is whether the act is *constitutional* when applied to the property of a non-resident ward. As to this there would seem to be little, if any, room for question. It is of no moment that perhaps the ward also may be taxed in the state of his domicile because of his ownership. The right of a state to tax property which, in the view of the law, is within its jurisdiction, cannot be denied or impaired because another state also

may have the right to tax one of its residents who bears some other kind of legal relationship to the property: *Commonwealth v. Stewart,* 338 Pa. 9, 12 A. 2d 444, affirmed 312 U. S. 649; *Curry v. McCanless,* 307 U. S. 357; *State Tax Commission of Utah v. Aldrich,* 62 Sup. Ct. Rep. 1008. While appellant does not have legal title to the taxed property it is nevertheless a fiduciary. It is resident in Pennsylvania; all the securities—the physical evidences of the intangible assets—are located here; they are held, possessed, invested, reinvested and managed by appellant in Pennsylvania subject to the control of the local Orphans' Court. In short, not only does Pennsylvania afford police protection for the securities, but the assets are administered by the guardian under our laws and the estate of the ward is subject to the supervision of our courts. This combination of circumstances sufficiently localizes the property in Pennsylvania to warrant its taxation in this state.

Decree affirmed at appellant's costs.