## Commonwealth Trust Company's Appeal

*Ernest Frey, Fred Taylor Ikeler,* and *Reed, Smith, Shaw & McClay,* for appellant.

*H. C. Brandt,* for appellee.

DITHRICH, J., December 30, 1943. — This appeal from the decision of the Department of Revenue of Pennsylvania, sustaining an assessment of personal property tax against the petitioner for the year 1940, has been submitted to the court upon the following agreed facts and question of law:

"1. Exhibit no. 1 attached to the petition for appeal is a true and correct copy of an original agreement entered into on June 5, 1936, between Charles S. Todd, who upon said date was a resident of the City of Pittsburgh, County of Allegheny, Pa., and Commonwealth Trust Company of Pittsburgh.

"The securities deposited by said Charles S. Todd under said agreement were assessed by the Department of Revenue for the purposes of the personal property tax for the year 1940 at the valuation of $64,509.37. Said valuation is correct and if subject to personal property tax the tax thereon amounts to the sum of $258.04, with interest from February 15, 1940.

"2. Exhibit no. 2(a) attached to the petition for appeal is a true and correct copy of an original agreement entered into under date of March 5, 1937, between Charles S. Todd, trustee for John K., Flora Jane, and Mary Lenore Todd, his minor children, described as of the City of Pittsburgh, County of Allegheny, Pa., and Commonwealth Trust Company of Pittsburgh. That on said date Charles S. Todd and his said minor children were in fact residents of Easton, Md.

"3. Exhibit no. 2(b) attached to the petition for appeal is a true and correct copy of an agreement entered into under date of December 26, 1935, between Flora K. Todd and Charles S. Todd. Said parties were wife and husband, respectively, and at said date resided with their minor children, viz, John K., Flora Jane, and Mary Lenore Todd, in the City of Pittsburgh, County of Allegheny, Pa.

"The securities deposited by said Charles S. Todd with Commonwealth Trust Company of Pittsburgh under said agreement (Exhibit no. 2(a)) were assessed by the Department of Revenue for personal property tax for the year 1940 at the valuation of $27,-282.50. Such valuation is correct and if said securities are subject to the tax the amount thereof is the sum of $109.13, with interest from February 15, 1940.

"4. Exhibit no. 3 attached to the petition for appeal is a true and correct copy of an original agreement entered into under date of April 29, 1936, between Flora K. Todd, who at the date thereof was a resident of the City of Pittsburgh, County of Allegheny, Pa., and Commonwealth Trust Company of Pittsburgh.

"The securities deposited by said Flora K. Todd under said agreement were assessed by the Department of Revenue for personal property tax for the year 1940 at the valuation of $120,224.62. The valuation is correct and if subject to the tax it amounts to the sum of $480.09, with interest thereon from February 15, 1940.

"5. All of the foregoing agreements remained in full force and effect on January 1, 1940.

"6. Said Charles S. Todd resided in the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, together with his wife, Flora K. Todd, and his minor children, John K. Todd, Flora Jane Todd, and Mary Lenore Todd, at all times between December 1, 1935, and December 31, 1936. At or about November 20, 1936, said Charles S. Todd purchased a home at

Easton, Md., intending to make that place the legal residence of himself and his family. Said Charles S. Todd returned to Pittsburgh to close up his affairs during the last week of December 1936 and immediately after the December holidays of said year left with his family for Easton, Md. Since January 1, 1937, neither the said Charles S. Todd, his wife, nor their children, have at any time resided within the Commonwealth of Pennsylvania.

### Question of law

"Is personal property deposited with a Pennsylvania corporate fiduciary, by a resident of the State of Pennsylvania, for the benefit of residents of the State of Pennsylvania, pursuant to a written trust agreement, subject to State personal property tax, for a year or years following the removal of both donor and beneficiaries from the State of Pennsylvania, and where they reside in another State."

The question must be answered in the affirmative. It turns upon the meaning of the word "received", as used in the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended by the Act of May 5, 1939, P. L. 76, sec. 3. The act provides, in part, as follows:

". . . the provisions of this section shall not apply to personal property of the class hereinabove enumerated, *received* from any person or persons, . . . not located within this Commonwealth . . . by any person or persons . . . bank, or corporation as active trustee, agent, attorney-in-fact, or in any other capacity for the use, benefit or advantage of any person or persons. . . ." (Italics supplied.)

In Provident Trust Company of Philadelphia Case, 346 Pa. 37, 41, the Supreme Court said:

"The word *'received'*, as used in the act, must be construed according to its 'common and approved usage'

(Statutory Construction Act of May 28, 1937, P. L. 1019, section 33) and, so construed, it means 'obtained by physical delivery from another'." (Italics supplied.)

It thus appears that the personal property in question was received not from a nonresident but from a resident within the meaning of the Personal Property Tax Act. At the time of delivery both the settlors and the beneficiaries were residents of Pennsylvania. Their status was then fixed. Their subsequent removal from the State cannot alter the relationship existing when the trusts were created. The exemption applies only to personal property received for the benefit of nonresidents. The purpose of the exemption was to encourage nonresidents to deposit their personal property for management with Pennsylvania fiduciaries. The Todd trusts are not in that category, since all parties thereto were residents of Pennsylvania when the trusts were created. The appeal will be dismissed at the cost of petitioner.

### Order of court

And now, to wit, December 30, 1943, the appeal is dismissed at the cost of petitioner, Commonwealth Trust Company of Pittsburgh.