## Magee's Estate

*John E. Flynn*, of *High, Swartz, Flynn & Roberts*, for petitioner.

HOLLAND, P. J., September 9, 1947.—On June 11, 1947, said minor, Marion Joan Magee, filed her petition indicating her birth as July 21, 1931, indicating that she is past 16 years of age, and that her residence is in New York City, giving the specific street address. She is the daughter of Martin C. Magee, who died April 6, 1941, and the executors of whose will have filed their account in this court and the same has been audited and is before the court for adjudication. Her mother is Marie G. Magee, who is still living.

By the will of her father, John B. Kelly and Charles H. Steel were appointed testamentary guardians of the estate of this minor. They are resigning, their resignation being appended to this petition, and the minor requests that Land Title Bank and Trust Company be appointed guardian of her estate lying within the juris-

diction of this court. The affidavit to the petition of Herbert G. Marvin, Esq., indicates that the estate of the minor, presumably lying within the jurisdiction of this court, is two-ninths interest in the estate of the deceased father, Martin C. Magee, estimated at $4,100, and United States saving bonds carried at $7,800.

It is represented by counsel that these Government bonds represent the proceeds of this minor's father's benefit as a veteran. Before the Government would pay this amount to the testamentary guardians, it insisted that the guardians agree to invest the proceeds in Government bonds and post security with a court of competent jurisdiction. These testamentary guardians, Mr. Kelly and Mr. Steel, petitioned this court, which entered its decree sometime ago, placing them under bond for the performance of their trust. All these facts are represented to the court by counsel. The record shows that by decree of this court, December 17, 1941, these testamentary guardians were ordered to enter bond with security in the sum of $10,000, as required by the Veterans Administration.

It is quite obvious, although it is an accomplished fact, that these testamentary guardians should never have received these Government benefits now represented by the Government bonds at all. The testamentary guardian appointed under the will of a parent, who is not the last surviving parent, can only receive property given under the will of said parent. The guardian appointed as a testamentary guardian under the will of the last surviving parent is the only one that can receive gifts or property due the minor from other sources than the will of the parent appointing the guardian. In this case, this minor's father, Martin C. Magee, was not the last surviving parent. The mother is still living. Therefore, Mr. Kelly and Mr. Steel, the testamentary guardians appointed by the father, had no authority under Pennsylvania law

to receive anything other than that coming from the estate of Martin C. Magee. These Government benefits coming from an extraneous source obviously should not have been paid to these testamentary guardians. In this error the court has participated, as above indicated. See section 8(a) of the Wills Act of June 7, 1917, P. L. 403, as last amended by section 1 of the Act of May 13, 1925, P. L. 689, 20 PS §211.

Regardless of whether we take the view that the proportionate interest of this minor in her father's estate which is being distributed in this jurisdiction is a part of the estate of the minor lying within the jurisdiction of this court, it is plain that these Government bonds which never should have been in the hands of these testamentary guardians in the first place should go to a domiciliary guardian appointed in the residence of the minor. Under no possible theory could we conclude that these bonds are the property of the minor lying within the jurisdiction of this court unless we pursued the theory that a plain mistake having been made in the first place, in which error the court inadvertently participated, that the court should continue in this error, rather than take the trouble to correct it. It might be suggested that difficulty in getting the bonds reregistered might suggest this course, but experience shows that in trying to extricate oneself from one complication by admittedly improper means usually leads to further entanglements, rather than the reverse.

The prayer of the petition is that a substituted guardian of the estate of this minor be appointed by this court. There can be no doubt that this court cannot appoint a guardian of the estate of this minor generally because not only does she not reside in Montgomery County, she does not reside in Pennsylvania. We are considering the petition as though invoking section 59(e) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §1025, permitting the orphans' court

of each county of this State to appoint a guardian of the estate of a minor residing out of the Commonwealth where such minor is possessed of an estate lying within the jurisdiction of this court. Counsel contends that because the estate of Martin C. Magee, the father of this girl, in which she has a distributive interest due her, is being audited and distribution made under the jurisdiction of this court, that that causes her share to be "lying within the jurisdiction" of this court. With this contention I cannot agree. No distributee in an estate which is being accounted for obtains actual title to the personalty distributed to him until not only the award of the specific property is made to him but until he actually receives the delivery of it. This distributee may of course have an undivided interest in the entire value of the fund accounted for but no part of it is actually his until it is delivered to him upon the award. I cannot see that the origin of the gift determines where it lies. However, I am aware that this court, as well as other courts, have made awards to such guardians and have appointed guardians for minors purporting to have estates lying within the jurisdiction of the respective courts under these circumstances. See Provident Trust Company of Philadelphia Case, 346 Pa. 37 (1943), wherein it is casually stated, as it was not important to the decision of the case, that the Orphans' Court of Montgomery County and the Orphans' Court of Philadelphia County had awarded property to such a guardian appointed in the same manner and upon the same theory as the request in this petition. This court has, from the point of view of practicality, appointed guardians of the estate of a minor lying within the jurisdiction of this court under these same facts, where the amounts were not great, but I have always done it where the sums were so small as to resolve the doubt in favor of the practical consideration rather than a legalistic consideration.

I decline to hold generally that where this court is distributing a fund accounted for and admittedly under its jurisdiction and a minor, not a resident of Pennsylvania, is a distributee, such minor's distributive share is "lying within the jurisdiction" of this court. Nor do I intend that the court's action in this case is to be regarded as a precedent. On the contrary, I expressly disclaim it as a precedent, and declare that each case under the same or similar circumstances will be considered upon its own facts. However, as I have done before, I will grant the decree, urged upon me by counsel, for practical reasons. Error has been committed and these bonds have come under my jurisdiction in a de facto status. The amount coming from the minor's father's estate is not a larger sum than I have treated in the same manner heretofore.

And now, September 9, 1947, Land Title Bank and Trust Company is appointed guardian of the estate of Marion Joan Magee lying within the jurisdiction of this court.