523 A.2d 776

**ESTATE OF Carl GRITZAN, Alias Dictus, Carl Gritzan, Jr., An Alleged Incompetent.**

**Appeal of Dorothy A. (Gritzan) McCREERY, Daughter and Heir of Carl Gritzan, Alias Dictus, Carl Gritzan, Jr., Deceased.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1987.

Filed March 27, 1987.

---

**5.** GDV requested an award of interest of 5½%, the rate of the mortgage agreement.

Brian S. Fenton, Latrobe, for appellant.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the August 1, 1986 Order of the trial court dismissing appellant's exceptions to the decree of May 6, 1986 and entering a Final Decree.

Appellant raises five issues for our consideration: (1) whether the trial court erred in entering an Order of Court finding that Carl Gritzan was incompetent on or before March 24, 1984; (2) whether the trial court erred in its conclusion that it was proper for the Guardian, Pittsburgh National Bank (PNB), to redeem certain Government bonds after the death of Carl Gritzan; (3) whether the trial court erred in its conclusion that it is proper for PNB to retain the proceeds of the redeemed Government bonds when the joint owner and survivor (appellant), requested that those proceeds be paid over to her directly; (4) whether the trial court erred in its conclusion that it was proper for the Guardian, PNB, to retain, in its possession, the unredeemed Government bonds when the co-owner and survivor, Dorothy A. Gritzan McCreery, has requested the return of those bonds; (5) whether the trial court erred in its conclusion that it was proper for the Guardian, Sandra Gritzan Magnus, to retain the amount of $4,296.69 in her possession which was part of the estate of Carl Gritzan. The trial court responded to the above issues in the negative and,

while we agree with regard to issues (1) and (5), we reverse on issues (2), (3) and (4).

This appeal arises from an Orphan's Court proceeding for the Appointment of a Temporary Guardian of Carl Gritzan, filed by one of his daughters, Sandra Gritzan Magnus, on April 30, 1984. Sandra Gritzan Magnus was, at that time, appointed temporary guardian of the estate of Carl Gritzan. Carl Gritzan's other daughter, Dorothy A. (Gritzan) McCreery, (appellant), filed an answer to the above Petition on July 10, 1984. On July 27, 1984, a Consent Order was entered into by the two sisters which terminated Sandra as temporary guardian and appointed William S. Ferraro, Esquire and Joseph P. Covelli, Esquire, as guardians. This Order also indicated that both Sandra and Dorothy were to deliver all property they had in their possession, owned individually or jointly by Carl Gritzan, to the guardians. This property included, *inter alia,* 326 Series E U.S. Savings Bonds, jointly titled in the names of "Carl Gritzan or Dorothy Gritzan McCreery", (this is the only permissible manner in which to entitle such bonds under 31 C.F.R. § 315.7) and proceeds of two Certificates of Deposit.

By Order dated September 26, 1984, PNB was appointed successor guardian of the estate of Carl Gritzan and William S. Ferraro and Joseph P. Covelli, guardians, dispersed to PNB 326 Series E U.S. Savings Bonds, in kind, along with all other property they had received as guardians.

Carl Gritzan died on November 17, 1984. PNB endorsed a number of Series E U.S. Savings Bonds and sent them to the Federal Reserve to be redeemed. On or about December 20, 1984 PNB filed its first and final account. Joseph P. Covelli and William S. Ferraro filed their first and final account on April 4, 1985. On or about August 26, 1985, Sandra Gritzan Magnus filed her first and final account.

Appellant filed exceptions to all accounts. A hearing was held and testimony taken from all guardians. A final decree and Opinion were rendered on August 1, 1986.

■ Beginning with appellant's first contention, we find it to be wholly without merit. The trial court, relied upon the testimony of a physician hired *by appellant*, who stated that Carl Gritzan was not competent on March 29, 1984 when he executed a Deed and a Will. Thus, the trial court found Carl Gritzan to have been incompetent "... on or before March 29, 1984." Further, appellant fails to claim to have suffered any harm by this finding and we cannot see where it has any bearing on the case before us.

■ Appellant next contends that PNB had no right to redeem the Series E U.S. Savings Bonds after the death of Carl Gritzan. Appellant claims that PNB redeemed the bonds after Carl Gritzan died. However, PNB avers that the redemption began on November 13, 1984 and were eventually receipted by the Federal Reserve Board on November 27, 1984. Thus, according to PNB, they were only doing what they had authority to do because they began the redemption process during Gritzan's lifetime. Although 13 Pa.C.S.A. § 4405 allows a bank to process orders made by a decedent for up to ten days after actual notice of decedent's death, ownership and redemption of Series E U.S. Savings Bonds are controlled by federal law not by state law. See 31 C.F.R. § 316.3. 31 C.F.R. § 315.20(a) states that "the Department of the treasury will not recognize a judicial determination that gives effect to an attempted voluntary transfer inter vivos of a bond, or a judicial determination that impairs the rights of survivorship conferred by these regulations upon a co-owner or beneficiary." Also, 31 C.F.R. § 315.70(b) states that upon the death of one co-owner, the surviving co-owner becomes the sole and absolute owner of the bond. In the instant case the bonds were issued and titled in accordance with Federal regulations and, therefore, presently belong to appellant.

■ Additionally, we do not find persuasive the agreement set forth by the trial court as evidence of appellant's intent to relinquish ownership of the Bonds. The agreement reads as follows:

Dorothy A. McCreery and Sandra Gritzan Magnus shall forthwith *deliver and transfer to the above named guardians* of the estate of Carl Gritzan, alias dictus Carl Gritzan, Jr., *any and all sums,* accounts, coins, stamps, collectables [sic], bonds, certificates, property, both real and personal, whether owned individually by the said Carl Gritzan, alias dictus Carl Gritzan, Jr. or owned jointly with either or both of the said daughters, including but not limited to the following: (1) U.S. Savings Bond (2) Certificates of Deposit (3) Checking and Savings Accounts (4) Government and Pension Checks (5) Coin and Stamp Collections (6) Contents of House located at R.D. # 2, Box 770, Leechburg, Pennsylvania. (emphasis added). (Order of Court, Paragraph 4).

We interpret the "deliver and transfer ..." language to refer to possession, not ownership. *See, Providence Trust Company of Philadelphia,* 346 Pa. 37, 29 A.2d 524 (1943). Therefore, we reverse the decision of the trial court and order PNB to return to appellant the unredeemed Series E bonds along with the proceeds of those Bonds which were redeemed.

The third and fourth issue raised by appellant are also covered by the preceding rationale and holding, thus we see no necessity for its repetition.

■ Turning now to appellant's fifth contention, we are, once again, in agreement with the trial court. The record indicates that *each* daughter of the decedent turned over $10,000.00 while retaining approximately $4,000.00. Appellant never rebutted this testimony given by Sandra Gritzan Magnus. Applying the rules of equity, we are faced with the "clean hands" rule whereby "he who seeks equity must do equity." *In re Estate of Pedrick,* 505 Pa. 530, 482 A.2d 215 (1984). Being bound by Sandra's testimony absent any contradiction of it, *Kelly v. Oxgrove Development Corp.,* 465 Pa. 306, 319 A.2d 424 (1974), we find that appellant is challenging an action which she herself is guilty of doing. Therefore, we cannot afford her relief in this instance.

Accordingly, we affirm the decision of the trial court with regard to issues (1) and (5), but we reverse with regard to issues (2), (3) and (4).

Order affirmed in part, and reversed in part. Jurisdiction relinquished.